**In the Interest of S.E., a Child.**

**No. 04–05–00750–CV.**

Court of Appeals of Texas, San Antonio.

April 19, 2006.

Rehearing Overruled Aug. 8, 2006.

---

Jenia Silver, San Antonio, for appellant.

Frankie Geneva Boyd, Universal City, Nelda Ellerbee, Jessica A. Gonzalez, Asst. Dist. Atty., San Antonio, for appellee.

George W. Baugh, San Antonio, for Guardian Ad Litem for the Child.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

We withdraw the opinion dated March 29, 2006 and issue this opinion in its stead. Jenia Silver (fna) Tara Ellerbee has filed an appeal from the termination of her parental rights to her minor child, S.E. Section 263.405(b) of the Texas Family Code requires an appellant to file, not later than the fifteenth day after a final order is signed, a statement "of the point or points on which the party intends to appeal." TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp.2005). Here, the judgment was entered October 5, 2005, and the notice of appeal was filed October 13, 2005. Appellant did not file a timely motion for new trial or a statement of the point or points on which she intended to appeal.

Furthermore, for appeals filed after September 1, 2005, the Legislature amended TEX. FAM.CODE ANN. § 263.405 with the following Section:

> (i) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2005). On December 9, 2005, this court issued an order abating this cause and remanding it to the trial court for an indigency hearing and a hearing on whether Appellant's points of error were frivolous. In light of the fact this appeal was filed after September 1, 2005, the December 9, 2005 order was withdrawn and court reporter was ordered to prepare the reporter's record no later than February 2, 2006. We received the reporter's record on February 1, 2006, and appellant filed her brief on March 8, 2006.

Appellant's brief raises several issues including evidentiary points of error, errors in the prosecutions case in chief, allegations of conspiracy and sufficiency of the evidence. Appellant does not, however, raise an issue of ineffective assistance of counsel. *Cf. In re K.K.*, 180 S.W.3d 681 (Tex.App.-Waco 2005, no pet.)(ineffective assistance can be raised for the first time on appeal). The statute does not terminate our jurisdiction over the appeal. However, in a situation such as this, where no statement of points exists, under the express terms of the statute, there is no contention of error that can be raised that we may consider on appeal. *See In re J.M.S.*, 2005 WL 3465518 (Tex.App.-Texarkana, Dec. 20, 2005).

We affirm the judgment.