NO. 07-06-0176-CR


 07-06-0177-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 11, 2006


______________________________



ALEISTER CARLTON BULL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 36932-B, 36933-B; HONORABLE JOHN B. BOARD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Aleister Carlton Bull, acting pro se, has appealed his conviction and
sentence. A copy of a notice of appeal was filed with this Court on May 1, 2006. The
clerk's record and reporter's record have not been filed. Pending before this Court is a
request from the appellant requesting the Court to appoint an attorney to represent him. 
In the interest of judicial efficiency we abate this appeal and remand the cause to the trial
court to conduct a hearing and determine whether appellant is indigent and entitled to
appointment of counsel. 

 Should the trial court determine that appellant is indigent, then the trial court shall
take such measures as may be necessary to assure appellant effective assistance of
counsel, including the appointment of counsel. If counsel is appointed, the name, address,
telephone number, and state bar number of said counsel shall be included in the order
appointing counsel. Finally, the trial court shall execute findings of fact, conclusions of law,
and such orders as the court may enter regarding the aforementioned issues and cause
its findings and conclusions to be included in a supplemental clerk's record to be filed in
this court no later than Monday, June 12, 2006. 


 Per Curiam

Do not publish.





o appeal. (2) 
The statement of points may be filed separately or it may be combined with a motion for
new trial. (3) The failure to timely file a statement of points does not deprive the appellate
court of jurisdiction over the appeal; however, it is necessary to preserve a point for review
on appeal. (4)
 

 In 2005, in response to what it perceived as judicial activism, the Texas Legislature
enacted § 263.405(i), effective for appeals filed after September 1, 2005, which provides:

 The appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on which
the party intends to appeal or in a statement combined with a motion for new
trial. For purposes of this subsection, a claim that a judicial decision is
contrary to the evidence or that the evidence is factually or legally insufficient
is not sufficiently specific to preserve an issue for appeal.

While several of our sister courts have questioned the practical application and
constitutional validity of this statute, (5) particularly in the context of a claim raising the issue
of ineffective assistance of court-appointed trial counsel, every appellate court called upon
to address this question has agreed that the clear language of the statute prohibits
appellate courts from considering points not properly preserved by the timely filing of a
statement of points. (6) We recognize the application of this statutory limitation to the right
of appeal can have harsh results. Parties seeking review of claims pertaining to the
ineffective assistance of court-appointed trial counsel may find it particularly difficult to
preserve those points. We recognize that in such situations a complaining party, unlike 
her criminal counterpart, has no recourse through a statutory writ of habeas corpus. (7)
Nevertheless, we do not believe that it is an appropriate function of this Court to create a
means of recourse by fabricating an interpretation that would expand the legislatively
created procedures for perfection of a statutorily-created right of appeal. To do so would
amount to blatant legislating from the bench. (8) 

 The final order in this case was signed on October 6, 2006. Fulcher's trial counsel
filed a motion for new trial, which purports to contain a combined statement of points, on
November 6, 2006. Because Fulcher did not timely file her statement of points, she did not
preserve those points for appeal. Accordingly, we cannot consider any of the issues
Fulcher has raised, including the allegation that her counsel was ineffective by failing to
timely file a statement of points on appeal raising ineffective assistance of counsel. We
affirm the trial court's order.


 Patrick A. Pirtle

 Justice


Quinn, C.J., concurring.


1. Tex. Fam. Code Ann. § 263.405(a)(Vernon Supp. 2006).
2. § 263.405(b).
3. Id.
4. Coey v. Tex. Dep't. of Family and Protective Services, No. 03-05-0679-CV, 2006
Tex. App. LEXIS 4325 (Tex.App.-Austin May19, 2006, no pet.)(not designated for
publication); In re S.E., 203 S.W.3d 14, 15 (Tex.App.-San Antonio, no pet.)


5. In re R.M.R., No. 13-06-0351-CV, 2007 Tex. App. LEXIS 2181, *3
(Tex.App.-Corpus Christi March 22, 2007, no pet.); Pool v. Tex. Dep't. of Family &
Protective Services, No. 01-05-1093-CV, 2007 Tex. App. LEXIS 1576, *7
(Tex.App.-Houston [1st Dist.] March 1, 2007, no pet.); In re D.A.R., 201 S.W.3d 229, 231
(Tex.App.-Fort Worth 2006, no pet.); In re E.A.R., 201 S.W.3d 813, 814 (Tex.App.-Waco
2006, no pet.)(Vance, J., concurring) 
6. In re J.W.H., No. 10-06-0083-CV, 2007 Tex. App. LEXIS 2340 (Tex.App.-Waco,
March 21, 2007, no pet.); In re J.F.R., No. 09-06-0115-CV, Tex. App. LEXIS 1727
(Tex.App.-Beaumont March 8, 2007, no pet.); In re J.H., No. 12-06-0002-CV, 2007 Tex.
App. LEXIS 407 (Tex.App.-Tyler January 24, 2007, no pet.)(not designated for
publication); In re K.R., No. 09-06-0056-CV, 2007 Tex. App. LEXIS 300
(Tex.App.-Beaumont Jan. 18, 2007, no pet.h.); In re C.B.M. No. 08-06-0136-CV, 2006
Tex. App. LEXIS 10716 (Tex.App.-El Paso Dec. 14, 2006, no pet.); In re H.H.H., No. 06-06-0093-CV (Tex.App.-Texarkana October 4, 2006, no pet.)(not designated for
publication); Coey v. Tex. Dep't of Family & Protective Services, No. 03-05-0679-CV, 2006
Tex. App. LEXIS 4325 (Tex.App.-Austin May 19, 2006, no pet.)(not designated for
publication); In re S.E., 203 S.W.3d 14 (Tex.App.-San Antonio 2006, no pet.); In re C.M.,
208 S.W.3d 89 (Tex.App.-Houston [14th Dist.], 2006, no pet.); see also In re R.M.R., No.
13-06-351-CV, 2007 Tex. App. LEXIS 2181, *3 (Tex.App.-Corpus Christi March 22, 2007,
no pet.); Pool v. Tex. Dep't. of Family & Protective Services, No. 01-05-1093-CV, 2007
Tex. App. LEXIS 1576, *7 (Tex.App.-Houston [1st Dist.] March 1, 2007, no pet.); In re
D.A.R., 201 S.W.3d 229, 231 (Tex.App.-Fort Worth 2006, no pet.); In re E.A.R., E.A.R.,
and I.D.A., 201 S.W.3d 813, 814 (Tex.App.-Waco 2006 no pet.)(Vance, J., concurring).
7. In so ruling, we express no opinion as to whether an aggrieved party would be
entitled to common law relief through a writ of habeas corpus or a writ of error coram nobis.
8. See Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 579 (1892).