# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00679-CV

**Mike Coey, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. FM401162, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mike Coey appeals from a decree terminating his parental rights. Because he did not preserve any issues for review by appeal, we affirm the final decree of termination and conservatorship.[1]

---

[1] Previously, when denying appellee's motion to dismiss for want of jurisdiction, we held that this Court has jurisdiction in this matter. The Department of Family and Protective Services and the attorney ad litem for the children request in their briefs that we revisit our order holding that the statement of points on appeal served to invoke this Court's jurisdiction. We concluded that, although Coey did not timely file a document styled "notice of appeal," he filed his statement of points on appeal within the time period for filing a motion for extension of time to file a notice of accelerated appeal. Under the particular procedural circumstances of this case, which included a filing of a notice of appeal and a formal motion to extend time to file appeal within the district court's plenary power, we concluded that the statement of points on appeal was sufficient to invoke this Court's jurisdiction.

We have considered the arguments raised on appeal and are satisfied that, on the particular facts presented by this case, this Court has jurisdiction over this appeal.

The district court signed the decree terminating Coey's parental rights on August 8, 2005. Coey filed a statement of points on appeal on September 7, 2005, outside the fifteen-day period for filing such documents. *See* Tex. Fam. Code Ann. § 263.405(b) (West Supp. 2005). Coey's untimely filing of his statement of points on appeal requires that we resolve the appeal on a narrow, statutorily mandated basis without addressing the merits of any of the issues he attempts to raise by his brief on appeal or otherwise.

The statute governing appeals from final orders in suits affecting the parent-child relationship concerning children in the Department's care is dispositive. *See* Tex. Fam. Code Ann. § 263.405. The Family Code provides in relevant part as follows:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

*Id.* § 263.405(i); *see also In re S.E.*, No. 04-05-00750-CV, 2006 Tex. App. LEXIS 3079, at *3 (Tex. App.—San Antonio, Apr. 19, 2006, no pet. h.) (in *absence* of statement of points on appeal, court could consider none of the issues raised on appeal except ineffective assistance of counsel). Subsection (i) became effective on September 1, 2005. Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 3, 2005 Tex. Gen. Laws 332. When enacting this amendment, the Legislature determined that

> Section 263.405(I), Family Code, as added by this Act, applies only to an appeal of a final order under Subchapter E, Chapter 263, Family Code, filed on or after the effective date of this Act. An appeal of a final order under Subchapter E, Chapter 263, Family Code, filed before the effective date of this Act is governed by the law

2

in effect on the date *the appeal was filed*, and the former law is continued in effect for that purpose.

*Id*. § 2 (emphasis added). The italicized language makes clear that the critical date to determine the applicability of subsection (i) is the date that the appeal was filed, not the date of the order challenged. *See id*. Pursuant to section 263.405(i), we may consider the merits of only those issues that are specifically presented to the trial court in a *timely* statement of the points on which a party intends to appeal. Section 263.405(b) requires that, "[n]ot later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal."

Because this appeal was filed,[2] at the earliest, on September 7, 2005, subsection (i) applies to this appeal. *See* Tex. Fam. Code Ann. § 263.405(i). Because the statement of points on appeal was not filed within fifteen days after the termination decree was signed, it was not timely. *Id*. § 263.405(b). Coey does not contend that the fifteen-day filing period can be or was extended. The Legislature has expressly forbidden appellate courts from considering any issues that were not presented to the trial court in a timely filed statement of points on appeal. *Id*. § 263.405(i). Accordingly, we cannot consider the issues concerning the district court's failure to comply with his jury demand, the district court's refusal to let him withdraw his affidavit of relinquishment, and the

---

[2] Although the event that constitutes the "filing" of an appeal is not specified by this statute, the filing of the document perfecting the appeal is, at least in this case, the earliest possible date.

sufficiency of the evidence supporting the decree that Coey attempts to raise by his briefing in this Court.[3]

Although Coey invoked the jurisdiction of this Court, he failed to file a timely statement of points on appeal. *See id*. Therefore, pursuant to the mandate of section 263.405, we hold that Coey did not preserve any issue for our review in connection with the entry of the decree terminating his parental rights. We affirm the final decree of termination and conservatorship.

_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed: May 19, 2006

_____

[3] We note that, even if the statement of points on appeal were timely filed, it does not present or preserve for review issues regarding the right to a jury trial and the sufficiency of the evidence to support the decree.

4