OPINION
In this suit affecting the parent-child relationship, Crystal Doyle ("Doyle") appeals from a final order appointing the Texas Department of Family and Protective Services ("the Department") as the permanent managing conservator of her child, CM. Because Doyle did not present the trial court with a timely filed statement of the points she now presents on appeal, we may not consider these points; therefore, we affirm. See
TEX. FAM. CODE ANN. § 263.405(b), (i) (Vernon Supp. 2006);In re S.E., 203 S.W.3d 14, 15 (Tex.App.-San Antonio 2006, no pet. h.).
 FACTUAL AND PROCEDURAL BACKGROUND
Doyle is the biological mother of CM., who was born October 21, 2002. In June 2004, CM. received a heart transplant at Texas Children's Hospital ("TCH"). Before the transplant, members of the transplant team had concerns about the family's willingness to provide adequate care to CM. and required the family to execute a social contract agreeing to meet the requirements of C.M.'s care. The contract provided that non-compliance would result in referral to Child Protective Services. After Doyle failed to follow instructions for C.M.'s care with respect to a post-operative procedure, a TCH social worker contacted the Department.
A Department social worker spoke with Doyle, the child's biological father, the TCH social worker, and the director of the TCH Cardiac Transplant Program, who wrote a letter expressing his concerns about C.M.'s remaining in Doyle's care or the care of her extended family. On July 19, 2004, the Department took CM. into protective custody and filed a petition for protection of CM., for conservatorship, and for termination of Doyle's and the biological father's parental rights. On August 2, 2004, the trial court held an adversary hearing and appointed the Department as C.M.'s temporary managing conservator. The trial court subsequently held a permanency hearing and signed a permanency hearing order extending the dismissal date to January 25, 2006.[1] On December 19, 2005, Doyle filed a motion for continuance and a request for jury trial. On December 21, 2005, Doyle filed a motion for summary judgment, or alternatively, to dismiss. The trial court subsequently denied the motion for summary judgment.
The trial court heard the case without a jury on January 11 and 12, 2006. On January 23, 2006, the trial court filed a letter setting forth its findings of fact and announcing its ruling. The same day, Doyle filed her notice of appeal, in which she stated she desired "to appeal from all portions of the judgment." On January 25, 2006, the trial court signed a final order appointing the Department as C.M.'s permanent managing conservator and appointing Doyle and the child's biological father as possessory conservators.[2] Doyle did not file a motion for new trial. *Page 91 
 DISCUSSION
Doyle raises seven issues on appeal: (1) the trial court abused its discretion when it denied Doyle's motion for continuance and request for a jury trial; (2) the trial court abused its discretion when it denied Doyle's motion to dismiss; (3) an order appointing the Department as permanent managing conservator under Texas Family Code section 263.404, but purportedly not in compliance with Texas Family Code section161.001, violates Doyle's constitutional rights; (4) the evidence was insufficient to support the trial court's decision; (5) the trial court abused its discretion by appointing a non-parent as C.M.'s sole managing conservator; (6) the trial court's decision to restrict Doyle's visitation with CM. was not based on any evidence; and (7) the trial court's purported receipt of some unspecified incompetent evidence violated Doyle's due process rights. The Department responds, in part, that we may not review any of these issues because Doyle did not present them to the trial court in a timely filed statement of points on which she intended to appeal or in a statement combined with a motion for new trial. We agree.
The trial court's order appointing the Department as permanent managing conservator is a final order. See TEX. FAM. CODE ANN. § 263.404(a) (Vernon 2002) (stating court may, on making certain specified findings, "render a final order appointing the department as managing conservator of the child without terminating the rights of the parent of the child");see also TEX. FAM. CODE ANN. § 263.401(d)(3) (Vernon Supp. 2006) (stating, for purposes of section providing for dismissal after expiration of specified time periods, final order includes one that "without terminating the parent-child relationship, appoints the department as the managing conservator of the child").
Texas Family Code section 263.405 governs an appeal of a final order for a child under Department care. See
TEX. FAM. CODE ANN. § 263.405 (Vernon Supp. 2006). Section 263.405 provides in relevant part:
 (b) Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for a new trial.
 . . .
 (i) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.
TEX. FAM. CODE ANN. § 263.405(b), (i).
The legislature enacted subsection 263.405(b) in 2001 to reduce post-judgment appellate delays in termination cases, although subsection 263.405(b) also applies to final orders appointing the Department managing conservator without terminating parental rights. See In re D.R.L.M.,84 S.W.3d 281, 290 (Tex.App.-Fort Worth 2002, pet. denied);In re E.A.R., 201 S.W.3d 813, 814 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring); see also TEX. FAM. CODE ANN. §§ 263.404, 263.405. Historically, some courts of appeals held that a party did not forfeit appellate review of an issue in a termination case by failing to include the issue in the statement of points required by subsection 263.405(b) or by failing to file the statement of points.See In re D.A.R., 201 S.W.3d 229 (Tex.App.-Fort *Page 92 
Worth 2006, no pet. h.). The legislature subsequently enacted subsection 263.405(i) because of its displeasure with appellate decisions allegedly undermining the legislative intent of subsection 263.405(b). See HOUSE COMM. ON JUVENILE JUSTICE AND FAMILY ISSUES, BILL ANALYSIS, H.B. 409, 79th Leg., R.S. (2005) (stating recent appellate decisions unfortunately have effectively repealed the legislature's attempt to address post-judgment delay issue and House Bill 409 conclusively establishes that legislature expects litigants to comply with subsection 263.405(b)); see also In re D.A.R.,2006 WL 2309587, at *1 (recognizing the legislature enacted subsection 263.405(i) in response to these appellate decisions). As the House Committee explained:
 If a mistake is pointed out to the trial court that warrants a new trial, the trial court can immediately order a new trial, and the Legislature's goal to decrease post-judgment delays is accomplished. Encouraging appellants to ignore the post-judgment procedures enacted by the Legislature in 2001, not only increases the amount of time that abused and neglected children spend in foster care, it bogs down the appellate courts with mistakes that could have been quickly and easily corrected at the trial level.
HOUSE COMM. ON JUVENILE JUSTICE AND FAMILY ISSUES, BILL ANALYSIS, H.B. 409, 79th Leg., R.S.
Subsection 263.405(i) applies to an appeal filed on or after September 1, 2005. See TEX. FAM. CODE ANN. §263.405. Doyle filed her notice of appeal on January 24, 2006. Accordingly, subsection 263.405(0 applies to her appeal.
Doyle did not file with the trial court a statement of points on which she intended to appeal or a motion for new trial. Therefore, we may not consider any of the issues she raises in this court. See TEX. FAM. CODE ANN. §263.405(i); In re E.A.R., 201 S.W.3d at 814 (dismissing appellant's issues and affirming judgment when appellant had not filed statement of issues or motion for new trial); In reS.E., 203 S.W.3d at 15 (declining to consider appellant's issues and affirming judgment when appellant had not filed statement of issues or motion for new trial); see also Inre D.A.R., 201 S.W.3d at 231 (declining to consider issues not raised in appellant's statement of issues or motion for new trial and affirming judgment).[3]
Accordingly, we affirm the judgment of the trial court.
[1] See TEX. FAM. CODE ANN. § 263.401(a), (b) (Vernon Supp. 2006).
[2] C.M.'s biological father did not appear at the hearing and is not a party to this appeal. Although, in its original petition, the Department sought termination of Doyle's and the father's parental rights, the Department indicated at the beginning of the January 2006 hearing it was no longer seeking termination.
[3] Doyle's sole reference to any issues she intends to present on appeal is found in her notice of appeal, in which she states only, "Crystal Doyle desires to appeal from all portions of the judgment." Even if a notice of appeal could serve as the statement of points required by subsections (b) and (i) of Texas Family Code Section 263.405, Doyle's single reference in her notice of appeal does not provide the trial court with sufficient information to correct the matters of which she complains on appeal. Just as subsection (i) provides that "a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal," Doyle's general statement in her notice of appeal is not sufficiently specific to preserve any of her seven issues for appeal. *Page 448