**In the Interest of C.B.M. and M.H., Children.**

No. 08–06–00136–CV.

Court of Appeals of Texas, El Paso.

Dec. 14, 2006.

Thomas E. Stanton, El Paso, for Appellant.

Javier Alberto Saucedo, Assistant County Attorney, El Paso, for Appellee.

Mark Gregory Briggs, Porras, Stephen & Briggs, L.L.P., Theresa Caballero, El Paso, for Interested Party.

Robert J. Perez, El Paso, Ad Litem.

Before CHEW, C.J., McCLURE, J., and BARAJAS, C.J. (Retired).

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

This is an accelerated appeal from a judgment terminating the parental rights of Appellant Cynthia Hernandez Rodriguez to her two children, C.B.M. and M.H. In ten issues, Appellant challenges the legal and factual sufficiency of the evidence supporting the termination order. We affirm.

Appellant first became involved with Appellee, the Department of Family and Protective Services, as a result of her eldest daughter's allegations of sexual abuse against Appellant's then boyfriend, Frank Falcon ("Falcon"). According to Appellant's daughter, Falcon had digitally penetrated her vagina. When a caseworker interviewing Appellant first informed her of the allegations, Appellant revealed that the child had made a similar statement to her approximately one month prior. As a result of her daughter's earlier statement, Appellant confronted Falcon but he denied the allegation. Appellant also indicated that she did not believe her daughter's allegations.

After the meeting with Appellant, the children were voluntarily removed from the home and placed in the care of Appellant's sister. During this meeting, Appellant admitted to the use of cocaine and later submitted to a hair follicle test which tested positive for the use of cocaine. Appellee established a safety plan for the family and the children were returned to Appellant. Under the plan, Falcon was not allowed to have any contact with the children. Falcon was subsequently charged and indicted for aggravated sexual assault of a child.

A caseworker was assigned to Appellant's case in order to assist her in receiving treatment for her substance abuse and sexual abuse counseling for her daughter. The caseworker again reviewed a child safety plan with Appellant and she agreed to seek substance abuse counseling and attend counseling with her daughter. Despite assurances to the contrary, Appellant allowed Falcon to return to the home. Appellant's caseworker also arranged for her to receive treatment at a residential treatment center for substance abuse. However, Appellant failed to check-in on the day of arrival and ceased all contact with her caseworker.

Thereafter, Appellant moved to Juarez, Mexico out of fear she would lose her children. Appellant's sister-in-law, who testified at the termination hearing, stated that she visited Appellant and the children while they were living in Juarez. She testified that the home "smelled," the children's room was "real dirty," there appeared to be food which had been left out for "weeks, maybe months," and the children were "dirty." While in Juarez, Appellant and Falcon were arrested for possession of cocaine. As a result of her arrest, the children were removed from the home by a Mexican child welfare agency. C.B.H. and M.R. were eventually returned to the United States and placed in the care of Appellee.

Appellee then filed an original petition and request for temporary orders. The trial court issued an order for the protection of the children in an emergency and found that: (1) a continuing danger to the children's physical health or safety if the children were returned to the parent; (2) allowing the children to remain in the home would be contrary to their welfare; and (3) reasonable efforts were made to prevent removal. In addition, Appellee was named temporary managing conservator until a full adversarial hearing could be held. After a full adversary hearing, the trial court named Appellee temporary

managing conservator of both C.B.H. and M.H. and set the case for a status hearing on June 29, 2005.[1]

A family plan was developed for Appellant which included submitting to a drug and alcohol assessment, seeking and participating in therapy for battered women, participating in parenting classes, seeking and securing employment, demonstrating the ability to provide a safe home and providing the basic needs of children, maintaining appointments, cooperating with individuals trying to help her, and not participating in criminal activity. Appellant did not attend the service plan meeting nor did she visit or communicate with her children while they were in foster care.

The trial court subsequently held a status hearing in which it entered orders setting out the requirements for the return of the children to Appellant. Appellant did not attend the status hearing. Appellee then filed a second amended petition seeking termination of Appellant's parental rights. Shortly thereafter, Appellant was arrested for attempting to smuggle drugs into the United States. Appellant pled guilty and was sentenced to forty-six months in a California Federal prison for the importation of and possession with intent to distribute marihuana.

Thereafter, Appellee filed a third amended petition seeking termination of Appellant's parental rights. In its termination order, the trial court found by clear and convincing evidence that: (1) termination of the parent child relationship was in the children's best interest; (2) Appellant knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being; (3) Ap-

pellant constructively abandoned the children who were in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (a) the Department or authorized agency made reasonable efforts to return the children to the mother; (b) Appellant did not regularly visit or maintain significant contact with the children; and (c) Appellant demonstrated an inability to provide the children with a safe environment; and (4) Appellant failed to comply with provisions of the court order specifically establishing the actions necessary for her to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal for abuse or neglect. The order appointed Appellee as the permanent managing conservator of both C.B.M. and M.H.[2]

After the trial court entered its order terminating Appellant's parental rights, she timely filed her notice of appeal. Appellant did not move for a new trial nor did she attempt to comply with the requirements of TEX.FAM.CODE ANN. § 263.405 (Vernon Supp.2006). Specifically, filing a motion for new trial, filing a statement of points on which she intended to appeal, or requesting a hearing to determine whether the appeal was frivolous. *See id.*

TEX.FAM.CODE ANN. § 263.405 governs appeals from final orders in suits affecting the parent-child relationship. Section 263.405(i) provides in relevant part:

The appellate court may not consider any issue that was not specifically pre-

---

1. According to the trial court's temporary order, C.B.H. and M.R. each tested positive for the presence of cocaine.

2. The fathers of C.B.H. and M.H. each filed an irrevocable affidavit of relinquishment of parental rights.

sented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

TEX.FAM.CODE ANN. § 263.405(i).

Since Appellant filed her notice of appeal on May 10, 2006, subsection 263.405(i) applies to her appeal. *In re D.A.R.*, 201 S.W.3d 229, 229–30 (Tex.App.–Fort Worth 2006, no pet.)(noting Section 263.405(i) is effective for cases appealed on or after September 1, 2005). However, Appellant failed to file with the trial court a statement of points on which she intended to appeal or a motion for new trial. Accordingly, we may not consider any of the issues she raises and counsel for Appellant conceded as much at oral argument. *See* TEX.FAM. CODE ANN. § 263.405(i); *In re C.M.*, 208 S.W.3d 89, 92 (Tex.App.–Houston [14th Dist.] 2006, no pet.); *In re D.A.R.*, 201 S.W.3d at 230; *In re E.A.R.*, 201 S.W.3d 813, 813 (Tex.App.–Waco 2006, no pet.); *In re S.E.*, 203 S.W.3d 14, 15 (Tex.App.–San Antonio 2006, no pet.); *In re H.H.H.*, No. 06–06–00093–CV, 2006 WL 2820063, *1 (Tex.App.–Texarkana Oct. 4, 2006, no pet.)(mem. op.).

We affirm the trial court's judgment.

BARAJAS, C.J. (Ret.)(Sitting by Assignment).