Affirmed and Memorandum Opinion filed January 25, 2007








Affirmed and Memorandum Opinion filed January 25, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00109-CV

____________

 

IN THE INTEREST OF R.A.P. II

 



 

On Appeal from the 310th
District Court

Harris County, Texas

Trial Court Cause No. 2003-70108

 



 

M E M O R A N D U M   O P I N I O N

Appellant Erica Haywood appeals from the trial court=s order
terminating her parental rights to her son, R.A.P. II (hereinafter ARAP@).  We affirm.








Haywood became pregnant with RAP after an adulterous affair
with his father.  She gave birth while she was incarcerated on June 17, 2003. 
RAP lived with his father and his father=s wife for three
months until Haywood was released.  The next several months involved substantial
hostility between Haywood and the father, much of it centering around access to
the baby.  In March 2004, the trial court established paternity and appointed
Haywood and the father as joint managing conservators with Haywood having the
right to determine primary residence.  The Texas Department of Family and
Protective Services (ADFPS@) received several
calls regarding Haywood=s care of RAP and RAP=s older brother. 
The call leading to the present termination proceeding came in April 2004 when
Haywood placed RAP, unattended, on the father=s doorstep and
then left.  The trial court eventually terminated Haywood=s parental rights
to RAP and awarded sole custody to the father.  In four issues, Haywood claims
she was denied the right to a jury trial and that the evidence is legally and
factually insufficient to support the trial court=s finding that
terminating her parental rights and awarding sole custody to the father was in
the child=s best interest.[1]








In her first and second issues, Haywood claims the trial
court erred in denying her a jury during the termination hearing.  DFPS asserts
that we cannot consider these issues because they were not included in the
statement of appellate points presented to the trial court pursuant to Texas
Family Code section 263.405.  See Tex.
Fam. Code Ann. ' 263.405(b) (Vernon Supp. 2006B2007).  We agree. 
An appellant in a state-initiated termination proceeding must file with the
trial court, no later than fifteen days after the date the final order is
signed, a statement of points upon which the appellant intends to appeal.  Id. 
AThe appellate
court may not consider any issue that was not specifically presented to the
trial court in a timely filed statement of the points on which the party
intends to appeal . . . .@  Id. ' 263.405(i).  The
legislature enacted subsection (i) to reinforce the consequences of filing an
incomplete statement of points (or failing to file one at all) because some
appellate courts had held that such a failure did not waive review of the
relevant issues.  See In re C.M., No. 14-06-00097-CV, __ S.W.3d __, 2006
WL 2971318, at *2B3 (Tex. App.CHouston [14th
Dist.] Oct. 19, 2006, no pet. h.).  Haywood filed a statement of points, but
she did not mention anything regarding the denial of a jury trial.  Thus, we
may not consider these issues.  Id.; accord Pool v. Tex. Dep=t of Family &
Protective Servs., No. 01-05-01093-CV, __ S.W.3d __, 2006 WL 3628911, at *2
(Tex. App.CHouston [1st Dist.] Dec. 14, 2006, no pet. h.); In
re D.A.R., No. 2-06-043-CV, __ S.W.3d __, 2006 WL 2309587, at *1 (Tex. App.CFort Worth Aug.
10, 2006, no pet. h.); In re E.A.R., No. 10-06-00037-CV, __ S.W.3d __,
2006 WL 1642105, at *1 (Tex. App.CWaco June 14,
2006, no pet.); In re S.E., No. 04-05-00750-CV, __ S.W.3d __, 2006 WL
1004724, at *1 (Tex. App.CSan Antonio Apr. 19, 2006, no pet.).  We
overrule Haywood=s first and second issues.

In her third and fourth issues, Haywood challenges the
legal and factual sufficiency of the evidence supporting the trial court=s finding that
terminating her parental rights and awarding sole possession to the father was
in RAP=s best interest. 
Haywood included issues regarding RAP=s best interest in
her statement of points.  As required by the Family Code, the trial court held
a hearing and ruled that, based on Haywood=s statement of
points, her appeal would be frivolous.  See Tex. Fam. Code Ann. ' 263.405(d)(3). 
In making this determination, the trial court may consider whether the
appellant has presented Aa substantial question for appellate
review.@  Tex. Civ. Prac. & Rem. Code Ann. ' 13.003(b) (Vernon
2002); see Tex. Fam. Code Ann.
' 263.405(d)(3)
(incorporating by reference Tex. Civ.
Prac. & Rem. Code Ann. ' 13.003(b)).  We
review a trial court=s determination that an appeal would be
frivolous for an abuse of discretion.  In re R.A., No. 04-06-00138-CV,
2006 WL 2548829, at *1 (Tex. App.CSan Antonio Sept.
6, 2006, no pet. h.) (mem. op.); In re K.D., 202 S.W.3d 860, 866 (Tex.
App.CFort Worth 2006,
no pet. h.).

If a trial court makes a frivolousness finding, the
aggrieved parent can appeal, but the appeal is limited to the frivolousness
issue.  See Tex. Fam. Code Ann.
' 263.405(g); In
re K.D., 202 S.W.3d at 865 (A[O]nce the trial
court determines that an appeal is frivolous, the scope of appellate review is
statutorily limited to a review of the trial court=s frivolousness
finding.@).  Haywood has
briefed her issues as if she were appealing the trial court=s termination
order.  However, we will construe her issues as challenging the trial court=s determination
that her appeal would be frivolous.  See In re K.R., No. 04-05-00440-CV,
2006 WL 1686504, at *1 n.1 (Tex. App.CSan Antonio June
21, 2006, pet. denied).








The evidence at trial showed as follows:

C  In
April 2004, Haywood placed RAP on the father=s doorstep without any assurance that anyone was even home
and then left.  The father was home and retrieved the baby after Haywood left.

C  During
DFPS=s investigation into this event,
Haywood placed RAP on a grassy strip of land next to the father=s driveway and then left.  This
time, the father was not at home.  Fortunately, the father=s teenaged nephew, who lived
nearby, came upon the baby and took him to safety.

C  DFPS
then removed RAP from Haywood=s custody, awarded temporary custody to the father, and ordered Haywood
to pay child support.  Haywood became angry and went to the father=s house demanding to see RAP.  With
the baby inside, Haywood threw a chair through one window and then broke out
fifteen more windows.  She was arrested and convicted of criminal mischief. 

C  In
November 2004, Haywood kidnaped her other child, who was in DFPS custody,
during a supervised visitation.  She took him out of state, and he was returned
five weeks later only after Haywood was found and arrested in Georgia.  Haywood
was arrested and incarcerated at least two other times during the pendency of
the termination proceeding.

C  Haywood
did not have a stable home or income.  She did not cooperate with DFPS, did not
pay child support, and did not complete the court-ordered service plan.

C  No
witness had observed Haywood displaying any affection for RAP.  During
supervised visitation, Haywood would only watch the baby play rather than
interacting with him.

C  The father has a stable home and
income and is able to provide for RAP.  He testified that he and his wife love
the baby, and RAP was observed being comfortable in their presence and thriving
under their care.  The father completed his service plan.   








Haywood argues that if DFPS had conducted a more thorough
home study and investigation into the father, it Amay not have@ placed the child
there.  She contends that because RAP was the product of an adulterous affair,
the father=s wife resents, abuses, and neglects the baby.  There
is no evidence in the termination record to support any of these allegations.[2] 
Haywood insists that she should have been offered services instead of having
her parental rights terminated.  She was offered services, but she would not
cooperate with DFPS and failed to complete the service plan.

Considering all of the evidence at the termination hearing,
we cannot say the trial court abused its discretion in determining Haywood
presented no substantial issue for appellate review and that the appeal was
frivolous.  See In re K.D., 202 S.W.3d at 868B69; In re B.Y.,
No. 2-05-332-CV, 2006 WL 1716265, at *2 (Tex. App.CFort Worth June
22, 2006, no pet.).  We overrule Haywood=s third and fourth
issues.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed January 25, 2007.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.









[1]  In addition to the brief filed by Haywood=s counsel, Haywood has submitted two pro se
supplemental briefs.  There is no provision in Texas for hybrid representation
where both an appellant and her attorney may file separate briefs.  Rudd v.
State, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981); Kingery v. State,
No. 14-01-01134-CR, 2002 WL 31525652, at *2 (Tex. App.CHouston [14th Dist.] Nov. 14, 2002, pet. ref=d) (not designated for publication).  Therefore,
Haywood=s pro se briefs present nothing for review.  Rudd,
616 S.W.2d at 625; Kingery, 2002 WL 31525652, at *2.  We also decline to
consider any additional arguments in these briefs because Haywood failed to
secure leave of court to file them.  See Tex. R. App. P. 38.7; Kingery, 2002 WL 31525652, at
*2; Hagens v. State, 979 S.W.2d 788, 791 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d).





[2]  The supplemental clerk=s record, which was received after briefing was closed, contained
documents reflecting allegations Haywood made against the father of being
abusive toward her and describing why she believed RAP should not live with his
father and his wife.  There is no indication in the record that these documents
were ever brought to the trial court=s
attention.  Further, our review of the trial court=s frivolousness determination is limited to the
evidence admitted at the termination hearing.  See In re K.D.,
202 S.W.3d at 866; In re M.R.J.M., 193 S.W.3d 670, 674 (Tex. App.CFort Worth 2006, no pet.).  Haywood could have
introduced evidence of her allegations during the hearing, but she chose not to
testify.  Thus, she cannot complain on appeal that the trial court=s decision was erroneous based on information not
offered at the hearing.