In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-115 CV


____________________



IN THE INTEREST OF J.F.R., J.B.R., J.A.C.R. AND J.C.






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 04-10-08588 CV






 MEMORANDUM OPINION 


 This is an accelerated appeal of an involuntary termination of parental rights.
Appellants Jennifer Lee Rodgers and Tracey Carry each bring two issues challenging the trial
court's termination order. We affirm. 

Statement of Points


 The Texas Department of Family and Protective Services ("Department") contends
that we may not consider appellants' issues because they were not presented to the trial court
in either a statement of points or in a motion for new trial as required by section 263.405(i)
of the Texas Family Code. We agree.

 Section 263.405 seeks to expedite appeals of final orders related to children under
Department care. Tex. Fam. Code Ann. § 263.405(a) (Vernon Supp. 2006). In appeals from
final termination orders, the statute requires that appellate courts apply the rules of
accelerated appeals and render final judgments "with the least possible delay." Id.; see In re
D.A.R., 201 S.W.3d 229, 230 (Tex. App.-Fort Worth 2006, no pet.). Further, a party
intending to appeal the trial court's termination order must timely file "a statement of the
point or points on which the party intends to appeal." Id. § 263.405(b). In addition, the
statute dictates that appellate courts

 may not consider any issue that was not specifically presented to the trial
court in a timely filed statement of the points on which the party intends to
appeal or in a statement combined with a motion for new trial. For purposes
of this subsection, a claim that a judicial decision is contrary to the evidence
or that the evidence is factually or legally insufficient is not sufficiently
specific to preserve an issue for appeal.


Id. § 263.405(i) (emphasis added).

 In determining whether Jennifer and Tracey complied with section 263.405, we look
first to the two issues they present on appeal. In issue one, they complain that the trial court
violated their due process rights by not making "specific findings regarding the waiving of
the requirement of a service plan and the requirement that the Department make reasonable
efforts to return" their children to them. In issue two, they complain about ineffective
assistance of trial counsel.

 Neither Jennifer nor Tracey "specifically presented" these issues to the trial court in
their statements of points or in motions for new trial. (1) Although Tracey and Jennifer did not
comply with the statute's error-preservation requirement, they claim we should review their
issues because section 263.405(i), which precludes our review, violates their due process
rights and is unconstitutional. (2) 

 Generally, to preserve error for appellate review, a party must present the complaint
to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). In
involuntary termination cases, section 263.405(b) requires an additional step-an appellant
must present a statement of points in order to preserve a claim. See Tex. Fam. Code. Ann.
§ 263.405(b). Moreover, the constitutional dimension of the parent-child relationship does
not automatically override the procedural requirements for error preservation. See In re
B.L.D., 113 S.W.3d 340, 354 (Tex. 2003). With only a few recognized exceptions, even
constitutional complaints are waived if not properly preserved. See id. at 350. Recently, the
Texas Supreme Court reiterated that the rules governing error preservation must be followed
in cases involving termination of parental rights, as in other cases in which a complaint is
based on constitutional error. See In re K.A.F., 160 S.W.3d 923, 928 (Tex. 2005), cert.
denied, 126 S.Ct. 483 (2005). 

 Because appellants did not preserve their issue-one complaints pursuant to section
263.405(b), we may not review them. See Tex. Fam. Code. Ann. § 263.405(i); Pool v. Tex.
Dep't of Family & Protective Servs., ___ S.W.3d ___, 2006 WL 3628911, *2 (Tex.
App.-Houston [1st Dist.] Dec. 14, 2006, no pet. h.); In re C.M., 208 S.W.3d 89, 92 (Tex.
App.-Houston [14th Dist.] 2006, no pet.); In re S.E., 203 S.W.3d 14, 15 (Tex. App.-San
Antonio 2006, no pet.); In re D.A.R., 201 S.W.3d at 230; In re E.A.R., 201 S.W.3d 813, 813
(Tex. App.-Waco 2006, no pet.); see also In re K.R., 2007 WL 117738, *1 (Tex.
App.-Beaumont, Jan. 18, 2007, no pet. h.) (finding that appellant's issues could not be
considered because statement of points was not timely filed).

 In issue two, Jennifer and Tracey contend we should review their ineffective
assistance of counsel claim despite section 263.405(i)'s prohibition. Appellants rely on a
recent case from the First Court of Appeals, Jane Doe v. Brazoria County Child Protective
Services, ___ S.W.3d ___, 2007 WL 93394 (Tex. App.-Houston [1st Dist.] Jan. 16, 2007,
no pet. h.). The Doe appellant asserted her trial counsel was ineffective, and the appellate
court found she could raise that claim without preserving it in the trial court. Doe, 2007 WL
93394 at *6, *11. However, the court did not analyze section 263.405(i)'s impact on
ineffective counsel claims, but instead cited In re J.M.S., 43 S.W.3d 60 (Tex. App.-Houston
[1st Dist.] 2001, no pet.) - a case decided before section 263.405(i) became effective. See
id. at *11. But, the Doe Court rejected the appellant's ineffective assistance claim,
determining that she failed to show that but for her counsel's unprofessional errors, the result
of the proceeding would have been different. Id.

 At least three of our sister courts have considered whether section 263.405(i)
precludes appellate review of ineffective assistance claims that were not preserved in a
statement of points. The Tyler, El Paso, and Fort Worth Courts of Appeal all have found that 
before an appellate court may review ineffective assistance claims, the appellant must 
present them to the trial court in a statement of points that is either a separate instrument or
part of a motion for new trial. In re J.H., 2007 WL 172105, *1 (Tex. App.-Tyler, Jan. 24,
2007, no pet.); In re A.H.L., III, 2006 WL 3039798, *7 (Tex. App.-El Paso, Oct. 26, 2006,
pet. denied); In re D.A.R., 201 S.W.3d at 230-31. We agree that section 263.405(i) precludes
our review of appellants' claims that their trial counsel provided ineffective assistance. 

 Because we cannot consider any issues appellants have raised on appeal, we affirm
the trial court's order.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on February 8, 2007

Opinion Delivered March 8, 2007

Before Gaultney, Kreger, and Horton, JJ.
1. Tracey's statement of points asserted that: (1) the admission of hearsay evidence
violated his constitutional right to confrontation; and (2) the introduction of other evidence
violated his right to expunction. Jennifer's statement of points complained about: (1) charge
error; (2) improper denial of her severance motion; (3) improper denial of certain unspecified
objections; (4) improper sustaining of certain unspecified objections; and (5) the
Department's failure to meet its burden of proof on termination. 
2. Appellants also assert that the statute violates their equal protection rights. However,
because they do not brief this claim, we do not consider it. See Tex. R. App. P. 38.1(h).