MEMORANDUM OPINION


No. 04-06-00846-CV


IN THE INTEREST OF I.C.


From the 25th Judicial District Court, Guadalupe County, Texas

Trial Court No. 2006-0089-CV

Honorable W.C. Kirkendall, Judge Presiding


PER CURIAM 

 

Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice


Delivered and Filed: June 6, 2007 


AFFIRMED 

 Gary Crayton has filed an appeal from the termination of his parental rights to his minor
child, I.C. An appellant must file, not later than the fifteenth day after a final order is signed, a
statement "of the point or points on which the party intends to appeal." Tex. Fam. Code Ann.
§ 263.405(b) (Vernon Supp. 2006). Here, the judgment was entered November 22, 2006, and the
notice of appeal was filed December 1, 2006. Appellant did not file a timely motion for new trial
or a statement of the point or points on which he intended to appeal. This court "may not consider
any issue that was not specifically presented to the trial court in a timely filed statement of the points
on which the party intends to appeal or in a statement combined with a motion for new trial." Id.
§ 263.405(i). 

 Appellant's counsel filed an Anders brief, in which he states the only grounds that could be
raised would challenge the sufficiency of the evidence. "For purposes of . . . subsection [263.405],
a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally
insufficient is not sufficiently specific to preserve an issue for appeal." Id. Appellant's counsel did
not raise an ineffective assistance of counsel claim. See In re K.K., 180 S.W.3d 681, 684 (Tex.
App.--Waco 2005, order) (holding that ineffective assistance of counsel may be raised for the first
time on appeal), disp. on merits, No. 10-04-00303-CV, 2006 WL 561820 (Tex. App.--Waco Mar.
8, 2006, no pet.) (mem. op.). This court allowed appellant the opportunity to file a pro se brief;
however, no brief has been filed.

 Although the statute does not terminate our jurisdiction over the appeal, in a situation such
as this, where no statement of points exists, under the express terms of the statute, there is no
contention of error that can be raised that we may consider on appeal. See In re S.E., 203 S.W.3d
14, 15 (Tex. App.--San Antonio 2006, no pet.). Accordingly, we therefore affirm the trial court's
judgment.

 PER CURIAM