NO. 07-08-0033-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 18, 2008



______________________________





DAVID SOLIS, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 137TH DISTRICT COURT OF POTTER COUNTY;



NO. 2007-417,788; HON. CECIL G. PURYEAR, PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ. 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, David Solis, appeals his convictions and sentences for two counts of
aggravated assault with a deadly weapon and one count of assault on a family member. 
Appellant was sentenced to 15 years incarceration in the Texas Department of Criminal
Justice, Institutional Division, for each of the aggravated assault with a deadly weapon
convictions and was sentenced to 10 years incarceration for the assault on a family
member conviction. Each of these sentences are to run concurrently. We affirm.
Background
Â Â Â Â Â Â Â Â Â Â On or about January 3, 2007, appellant and his girlfriend, Fransisca Ramirez, got
into an argument. As the argument escalated, appellant began hitting Ramirez with his
hands. He, subsequently, began hitting her with a belt buckle that was attached to the end
of a belt. Appellantâs use of the belt and belt buckle caused scratching, cutting, and
bruising on Ramirezâs torso, arms, and legs. After things started to calm down, appellant
pulled out a small knife and held it against Ramirezâs neck. The following morning,
appellant again started hitting Ramirez with the belt buckle and belt. Following these
events, Ramirez went to work and, later that afternoon, went to visit her mother, where a
family member called the police.
Â Â Â Â Â Â Â Â Â Â At trial, the officer that responded to the call, Joe Pinson, testified. Pinson testified
that he was a certified police officer with the Slaton Police Department for 13 years. He
testified that he spoke with Ramirez about the incident in the afternoon following its
occurrence and photographed her injuries. Based on information he received from Ramirez
as well as his personal observation of Ramirezâs injuries, Pinson testified about the manner
in which appellant had used the belt and belt buckle. Over appellantâs objection, Pinson
testified that a belt and belt buckle used in the manner in which appellant used them would
be considered a deadly weapon.
Â Â Â Â Â Â Â Â Â Â By one issue, appellant challenges the judgment. Appellantâs sole issue contends
that the trial court erred in overruling appellantâs objection that Pinson testified as an expert
witness regarding what constitutes a deadly weapon without the State designating Pinson
as an expert witness in accordance with the trial courtâs local rules. 
Analysis
Â Â Â Â Â Â Â Â Â Â Appellant contends that the trial court erred in overruling his objection to Pinson
testifying as an expert when the State failed to provide notice of its intent to offer his expert
testimony, as required by the local rules of the court.


 According to appellantâs brief, under
âthe local rules of the 137th District Court of Lubbock County[,] both Defense and
Prosecution are required to give notice to the other if they plan to call an expert witness to
the stand during trial.â However, appellant does not provide a verifiable citation to this
purported local rule and no copy of the purported local rule is included in the record or
attached to appellantâs brief. Our review of the local rules applicable to the Lubbock County
District Courts does not include any rule which requires designation of expert witnesses. 
See Local Administrative Rules of the District Courts and County Courts-At-Law of Lubbock
County, Texas, http://www.co.lubbock.tx.us/DClerk/PDF/localrules.pdf; Local Procedural
Rules, Criminal Cases, Lubbock County, Texas (2004),
http://www.co.lubbock.tx.us/DCrt/PDF/LocalProceduralRules.pdf; Lubbock County Local
Fair Defense Act Plan and Rules Sections of the Local Administrative Rules (2004),
http://www.co.lubbock.tx.us/DCrt/PDF/FairDefenseActAmen.pdf. Without substantive
argument or supporting authorities, an issue cannot be adequately evaluated, and will be
overruled. Tex. R. App. P. 38.1(h); Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App.
1997). As appellantâs sole citation to supporting authority is to a purported local rule that
cannot be verified by this Court, we overrule appellantâs issue. 
Â Â Â Â Â Â Â Â Â Â We are, however, mindful that the Texas Code of Criminal Procedure provides,
On motion of a party and on notice to the other parties, the court in which an
action is pending may order one or more of the other parties to disclose to
the party making the motion the name and address of each person the other
party may use at trial to present evidence under Rules 702, 703, and 705,
Texas Rules of Evidence. The court shall specify in the order the time and
manner in which the other party must make the disclosure to the moving
party . . . .
Â Tex. Code Crim. Proc. Ann. art. 39.14(b) (Vernon 2005). The objection appellant raised
at trial to Pinsonâs testimony was that, âHe wasnât designated, based on the Courtâs order
that they designate their experts, if he is going to make an expert opinion as to what is or
is not a deadly weapon. And I would object to that for lack of notice.â However, a review
of the clerkâs record reveals neither a motion for identification of expert witnesses nor an
order from the trial court requiring the State to designate expert witnesses. Thus, there is
nothing in the record to indicate that the State was under any obligation to designate any
expert witness that it intended to call at trial.
Â Â Â Â Â Â Â Â Â Â However, even were we to find that the trial courtâs ruling was in error because it
violated a local rule, trial counsel objected on the basis that Pinsonâs testimony violated a
prior order of the trial court. If the complaint on appeal does not correlate to the objection
made at trial, the complainant has not preserved error. Tex. R. App. P. 33.1(a); Thomas
v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). Because appellantâs argument on
appeal does not comport with the objection raised at trial, any error in the Stateâs failure to
designate Pinson as an expert witness was not preserved.
Conclusion
Â Â Â Â Â Â Â Â Â Â For the foregoing reasons, we overrule appellantâs sole issue.
Â 
Mackey K. Hancock

Justice



Do not publish.










Hidden="false"
 UnhideWhenUsed="false" Name="Dark List Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0373-CV

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL E

Â 



SEPTEMBER
27, 2010

Â 



Â 

In the Interest of A.S., a Child

___________________________

Â 

FROM THE 316th DISTRICT COURT OF HUTCHINSON
COUNTY;

Â 

NO. 38,213; HONORABLE JOHN LAGRONE,
PRESIDING

Â 



Â 

Memorandum
Opinion

Â 



Â 

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

   Tammy Lea Smith
(Smith) appeals the termination of her parental rights to her five-year-old
daughter A.S. by attacking the sufficiency of the evidence underlying the
findings with regard to the childÂs best interest and the various statutory
grounds alleged.Â  We affirm.

Â Â Â Â Â Â Â Â Â Â Â  We initially
observe that Smith failed, in both her motion for new trial or statement of
points on appeal, to allege that the evidence was either legally or factually
insufficient to support a finding that termination was in the childÂs best
interest.Â  Thus, those complaints were
not preserved for review.Â  See In re C.M., 208 S.W.3d 89, 92 (Tex.
App.ÂHouston [14th Dist.] 2006, no pet.). 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Next, the
trial court found by clear and convincing evidence that termination was
warranted under Â§161.001(1)(D), (E), (I), and (O) of the Texas Family Code.Â  If there be sufficient evidence to support
the existence of any oneÂ  of those
grounds, then we must affirm its decision.Â 
In re K.C.B., 280 S.W.3d 888,
894-95 (Tex. App.ÂAmarillo 2009, pet. denied).Â 


Â Â Â Â Â Â Â Â Â Â Â  Next, the
record before us contained the following evidence.Â  Smith had been a long-time abuser of drugs,
that is, marijuana, methamphetamine, and cocaine.Â  Each hair follicle drug test she took during
the eighteen months that her daughter was in foster care came back
positive.Â  She further admitted to using
marijuana and methamphetamine less than thirty days prior to trial.Â  Smith also admitted to being arrested
numerous times for possessing drugs, shoplifting, or public intoxication.Â  So too has she been jailed at least six times
since A.S. was born.Â  Appellant also
moved frequently, once had been evicted from her abode due to her drug use,
lacked electricity in one home, lived a nomadic life with friends, lost a job
due to drug use, and lived with a boyfriend with whom she used drugs.Â  The latter was also a violent individual and
physically abused Smith.Â  According to A.S.,
her motherÂs boyfriend was responsible for a cut lip and a mark across her back.Â  Other men with whom Smith had lived were also
abusive.Â  And, though she claimed that
she was employed with a ÂprivateÂ lady, appellant failed to provide proof of
employment to Child Protective Services.Â 
Next, it appeared that A.S. spent most weekends with her purported
grandparents, one of which described the child as being dirty and hungry
whenever they picked her up.Â  The house
in which the child lived with her mother was further described as smelling of
marijuana.Â  A grandparent also testified
that Smith oftimes could not be awakened when the child was returned home.Â  Additionally, A.S. told others that she was
afraid of her mother, that her mother would leave her alone, and that she
feared her motherÂs boyfriend.Â  A.S. also
asked her foster mother if her husband was going to cut her clothes with a
knife, if he was going to throw the foster motherÂs possessions out of the
window, and why he did not hit the foster mother and her other children.

Â Â Â Â Â Â Â Â Â Â Â  Other evidence
illustrated that Smith failed to complete her parenting classes or counseling.Â  So too did a psychologist conclude that Smith
had poor parenting skills and would have difficulty caring for a five-year-old
child.Â  Finally, Smith admitted that she was
unable to care for the child.Â  All of
this constitutes clear and convincing proof that the childÂs surroundings and
environment endangered A.S.Â physical and emotional well-being.Â  Thus, the trial court had ample evidence to
support termination under that ground.Â  See Tex.
Fam. Code Ann. Â§161.001(1)(D) (Vernon Supp. 2010) (termination may be
warranted when a parent knowingly placed or knowingly allowed a child to remain
in conditions or surroundings which endangered the physical or emotional
well-being of the child).Â  Â 

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
we overrule SmithÂs issues and affirm the termination order.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice 











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.Â  Tex. GovÂt Code Â Ann. Â§75.002(a)(1) (Vernon 2005).Â