NO. 07-09-0373-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



SEPTEMBER
27, 2010

 



 

In the Interest of A.S., a Child

___________________________

 

FROM THE 316th DISTRICT COURT OF HUTCHINSON
COUNTY;

 

NO. 38,213; HONORABLE JOHN LAGRONE,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

            Tammy Lea Smith
(Smith) appeals the termination of her parental rights to her five-year-old
daughter A.S. by attacking the sufficiency of the evidence underlying the
findings with regard to the child’s best interest and the various statutory
grounds alleged.  We affirm.

            We initially
observe that Smith failed, in both her motion for new trial or statement of
points on appeal, to allege that the evidence was either legally or factually
insufficient to support a finding that termination was in the child’s best
interest.  Thus, those complaints were
not preserved for review.  See In re C.M., 208 S.W.3d 89, 92 (Tex.
App.–Houston [14th Dist.] 2006, no pet.). 

 

            Next, the
trial court found by clear and convincing evidence that termination was
warranted under §161.001(1)(D), (E), (I), and (O) of the Texas Family Code.  If there be sufficient evidence to support
the existence of any one  of those
grounds, then we must affirm its decision. 
In re K.C.B., 280 S.W.3d 888,
894-95 (Tex. App.–Amarillo 2009, pet. denied). 


            Next, the
record before us contained the following evidence.  Smith had been a long-time abuser of drugs,
that is, marijuana, methamphetamine, and cocaine.  Each hair follicle drug test she took during
the eighteen months that her daughter was in foster care came back
positive.  She further admitted to using
marijuana and methamphetamine less than thirty days prior to trial.  Smith also admitted to being arrested
numerous times for possessing drugs, shoplifting, or public intoxication.  So too has she been jailed at least six times
since A.S. was born.  Appellant also
moved frequently, once had been evicted from her abode due to her drug use,
lacked electricity in one home, lived a nomadic life with friends, lost a job
due to drug use, and lived with a boyfriend with whom she used drugs.  The latter was also a violent individual and
physically abused Smith.  According to A.S.,
her mother’s boyfriend was responsible for a cut lip and a mark across her back.  Other men with whom Smith had lived were also
abusive.  And, though she claimed that
she was employed with a “private” lady, appellant failed to provide proof of
employment to Child Protective Services. 
Next, it appeared that A.S. spent most weekends with her purported
grandparents, one of which described the child as being dirty and hungry
whenever they picked her up.  The house
in which the child lived with her mother was further described as smelling of
marijuana.  A grandparent also testified
that Smith oftimes could not be awakened when the child was returned home.  Additionally, A.S. told others that she was
afraid of her mother, that her mother would leave her alone, and that she
feared her mother’s boyfriend.  A.S. also
asked her foster mother if her husband was going to cut her clothes with a
knife, if he was going to throw the foster mother’s possessions out of the
window, and why he did not hit the foster mother and her other children.

            Other evidence
illustrated that Smith failed to complete her parenting classes or counseling.  So too did a psychologist conclude that Smith
had poor parenting skills and would have difficulty caring for a five-year-old
child.  Finally, Smith admitted that she was
unable to care for the child.  All of
this constitutes clear and convincing proof that the child’s surroundings and
environment endangered A.S.’ physical and emotional well-being.  Thus, the trial court had ample evidence to
support termination under that ground.  See Tex.
Fam. Code Ann. §161.001(1)(D) (Vernon Supp. 2010) (termination may be
warranted when a parent knowingly placed or knowingly allowed a child to remain
in conditions or surroundings which endangered the physical or emotional
well-being of the child).   

            Accordingly,
we overrule Smith’s issues and affirm the termination order.  

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov’t Code  Ann. §75.002(a)(1) (Vernon 2005).