**In the Interests of R.J.S. and M.S.**

**No. 05–05–01641–CV.**

Court of Appeals of Texas, Dallas.

April 11, 2007.

624

Virginia W. Patrizi, Dallas County Public Defender's Office, J. Elaine Mosher, Mosher & Parker, P.L.L.C., Dallas for Appellant.

Lori L. Ordiway, Asst. Dist. Atty., for Dallas County Chief of the Appellate Division, Laura Anne Coats, Asst. Dist. Atty., Dallas, for Appellee.

Before Justices WRIGHT, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

T.C. ("Mother") appeals from the trial court's judgment terminating her parental rights to her children R.J.S. and M.S. In eleven issues, Mother contends generally that (1) the trial court erred in failing to exclude the testimony of certain witnesses, (2) the trial court erred in failing to exclude certain medical records, and (3) the evidence is legally and factually insufficient to support the trial court's findings. We conclude we may not consider appellant's issues because appellant failed to present these issues to the trial court in a statement of points. *See* TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2006). Ac-

cordingly, we affirm the trial court's judgment.

## Background

Following a bench trial, the trial court terminated appellant's parental rights to her children, R.J.S. and M.S. Appellant is indigent and had appointed counsel at trial. The same counsel represents her on appeal. Counsel for appellant timely filed a notice of appeal pursuant to the accelerated timetable. *See* Tex.R.App. P. 26.1(b). Appellant did not, however, file a statement of points as required by the family code. *See* Tex. Fam.Code Ann. § 263.405(b).

Appellant filed her brief on appeal raising both evidentiary and sufficiency points of error. The State filed a responsive brief contending that appellant had waived her points by failing to file a statement of points as required by the family code. Appellant filed a reply brief asserting that section 263.405 violated her constitutional rights. We will first address the application of section 263.405 to the facts of this case. We will then address appellant's constitutional arguments.

## Section 263.405

Chapter 263 is titled "Review of Placement of Children Under Care of the Department of Protective and Regulatory Services." Section 263.405 is located within subchapter E of chapter 263, which is titled "Final Order for Child Under Department Care." The sole focus of subchapter E is the means by which a final order in a suit involving the Texas Department of Family and Protective Services (TDFPS) is entered and appealed.

With regard to the appeal provisions of a final order in a suit involving TDFPS, section 263.405 of the family code provides, in pertinent part:

(a) An appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section....

(b) Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for a new trial.

\* \* \*

(d) The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether:

(1) a new trial should be granted;

(2) a party's claim of indigence, if any, should be sustained; and

(3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code.

\* \* \*

■ (i) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

Tex. Fam.Code Ann. § 263.405(a), (b), (d) & (i) (Vernon Supp.2006). The appeal requirements set forth in section 263.405(b) apply only to appeals of final orders under subchapter E. Section 263.405 was enacted in 2001 to reduce post-judgment delays and screen out frivolous appeals. *See In*

*re J.J.O.,* 131 S.W.3d 618, 626 (Tex.App.-Fort Worth 2004, no pet.). Reducing post-judgment delays by avoiding meritless appeals plainly serves an underlying goal of termination proceedings, to find permanence for a child. *See In re S.L.,* 188 S.W.3d 388, 393 (Tex.App.-Dallas 2006, no pet.).

Subsection (i) was added to section 263.405 in response to decisions holding that failing to comply with section 263.405(b) was not fatal to an appeal. *See In re D.A.R.,* 201 S.W.3d 229, 230, nn. 1–2 (Tex.App.-Fort Worth 2006, no pet.); *In re E.A.R.,* 201 S.W.3d 813, 815, n. 2 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring) (subsection (i) enacted due to legislature's displeasure with appellate decisions that allegedly undermined the legislature's intent in enacting subsection 263.405(b).). Subsection (i)'s legislative history reveals the following:

> These appellate court decisions hold that the Legislature did not really mean what it said and that no adverse consequences flow from an appellant's failure to comply with [§ 263.405(b)].... [These decisions] frustrate the Legislature's goal to speed up the post-judgment process ... to shorten the time to final resolution.
>
> \* \* \*
>
> If a mistake is pointed out to the trial court that warrants a new trial, the trial court can immediately order a new trial, and the Legislature's goal to decrease post-judgment delays is accomplished. Encouraging appellants to ignore [§ 263.405] ... not only increases the amount of time that abused and neglected children spend in foster care, it bogs down the appellate courts with mistakes that could have been quickly and easily corrected at the trial level.

*E.A.R.,* 201 S.W.3d at 815, n. 2, *quoting* House Comm. on Juvenile Justice and Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg., R.S.2005. Cases construing subsection (i) appear to uniformly hold, albeit reluctantly, that an appeals court is barred from considering issues not raised in a timely filed statement of points. *See In re S.E.,* 203 S.W.3d 14, 15 (Tex.App.-San Antonio 2006, no pet.) (holding court not deprived of jurisdiction but barred from considering error not preserved under subsection (i)); *In re E.A.R.,* 201 S.W.3d at 814; *In re D.A.R.,* 201 S.W.3d at 231; *In re J.M.S.,* 2005 WL 3465518, *1 (Tex.App.-Texarkana 2005, no pet.) (mem. op.).

TDFPS was a party to this termination case. Accordingly, the trial court's final order was subject to the appeal requirements of section 263.405(b). Appellant timely filed her notice of appeal pursuant to the accelerated timetable. *See* Tex.R.App. P. 26.1(b). However, she did not file a statement of points either alone or combined with a motion for new trial. We note that her notice of appeal stated the particular trial court findings that she desired to appeal. However, even if we could view her notice of appeal as a statement of points, we cannot consider her sufficiency points because she failed to "present" them to the trial court. Section 263.405(i) provides that an appellate court may not consider any issue that was not "specifically presented" to the trial court in a timely filed statement of points. "Presenting" the statement of points requires both timely filing the statement *and* requesting a hearing. *See Rozell v. State,* 176 S.W.3d 228, 230 (Tex.Crim.App.2005) (holding that presenting a motion for new trial requires actual notice of the desire to have a hearing). Nothing in the record shows that the statements of what appellant desired to appeal, contained in the notice of appeal, were considered by the trial court. There is no evidence that a

hearing was conducted and a hearing is mandatory. *See* TEX. FAM.CODE ANN. § 263.405(d) (Vernon Supp.2006). Thus, under the circumstances of this case, we are compelled to hold that appellant has failed to present any issues for this Court's consideration.

Although we conclude that Mother's failure to file a statement of points bars this Court's consideration of her issues, we feel compelled to address the trap for the unwary created by section 263.405(b). The grounds for termination are listed in chapter 161 of the family code. *See* TEX. FAM. CODE ANN. § 161.001 (Vernon Supp.2006).[1] Chapter 161 does not address an appeal of a termination order. However, the general provisions of the family code provide that "[t]he procedure for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which termination of the parent-child relationship is in issue." TEX. FAM.CODE ANN. § 109.002(a) (Vernon 2002). This provision appears to apply to all terminations suits, but there is no requirement to file a statement of points.

Termination suits involving TDFPS, however, fall specifically within chapter 263. Accordingly, the appeal provision specific to suits under chapter 263 applies over the general provision contained in a completely different chapter of the family code. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998) (a specific statute controls over a more general one); *Columbia Hosp. Corp. v. Moore,* 92 S.W.3d 470, 473 (Tex. 2002); *In re A.J.K.,* 116 S.W.3d at 171. The appellate playing field needs to be fair. As the family code currently stands, parents are at a severe disadvantage in knowing all the requirements for an appeal.

It is interesting to note that the family code contains a section titled "Warning to Parents." *See* TEX. FAM.CODE ANN. § 263.006 (Vernon 2002). That section provides as follows:

> At the status hearing under Subchapter C and at each permanency hearing under Subchapter D held after the court has rendered a temporary order appointing the department as temporary managing conservator, the court shall inform each parent in open court that parental and custodial rights and duties may be subject to restriction or to termination unless the parent or parents are willing and able to provide the child with a safe environment.

TEX. FAM.CODE ANN. § 263.006 (Vernon 2002). Through this section, the legislature ensures that parents are warned repeatedly before their case gets to trial that their parental rights may be terminated.

Although desperately needed, a further warning regarding parents' rights to appeal the termination of their rights is absent. The legislature should warn parents that if they fail to present the trial court with a statement of points within fifteen days of a final order, there will be nothing for the court of appeals to consider. This goal could most easily be accomplished by amending section 109.002(a) to direct attention to the appeal requirements of section 263.405 in all suits involving TDFPS. Additionally, the trial court can alert the parents to the appeal provisions of section 263.405 in a statement in capital letters and bold print at the end of its final order or judgment. By failing to file the statement of points, parents are losing their right to appeal the termination of their parental rights. It appears that the fail-

---

1. There are no grounds for termination of the parent-child relationship listed in chapter 263.

ure to file the statement of points is most often *not* intentional but rather, it is the result of the failure of the family code to direct parents' attention to the provision. As it stands right now, section 463.405(b) is a trap for the unwary.

## Constitutional Claims

In her reply brief, appellant contends the appeal requirements contained in section 263.405(b) are unconstitutional. Specifically, appellant contends section 263.405 violates the Equal Protection Clause and the Due Process Clause of the United States and Texas Constitutions.

In addressing appellant's constitutional challenges, we begin with the premise that, if possible, we must interpret the statute in a manner that renders it constitutional. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 873 (Tex. 2000). A party asserting a challenge to the constitutionality of a statute must establish that the statute always operates unconstitutionally. *Wilson v. Andrews,* 10 S.W.3d 663, 670 (Tex.1999). In reviewing a statute's constitutionality, we consider the statute as written, rather than as it operates in practice. *Barshop v. Medina Cty. Underground Water Conservation Dist.,* 925 S.W.2d 618, 626–27 (Tex.1996).

Appellant claims her right to equal protection was violated because the family code provides unequal treatment for parents involved in private termination suits versus termination suits involving the TDFPS. She contends correctly that parents in private termination suits simply follow the accelerated timetable and avoid the additional appeal requirement of filing a statement of points within fifteen days of the final order. According to appellant, generally parents involved in TDFPS termination suits are indigent whereas parents in private termination suits are not indigent. As a result, appellant argues, the "legislature has imposed a bar to indigent parents in TDFPS termination cases that litigants in private termination suits avoid." We disagree. All parents involved in a TDFPS termination suit, whether indigent or not, face the same appeal requirements of section 263.405.

One of the legislature's goals in enacting chapter 263 is to obtain a permanent home for a child under TDFPS care as quickly as possible. *See In re A.J.K.,* 116 S.W.3d at 171. The purpose of the requirement for a statement of points is to give the trial court an opportunity to correct any error and potentially avoid an appeal altogether. Chapter 263 applies to all suits where a child is under the care of TDFPS. The fact that the family code provides more appeal requirements for a termination suit involving TDFPS versus a private termination suit does not constitute a violation of the Equal Protection Clause. The appeal requirements of section 263.405 apply across the board to all final orders issued in a suit involving a child under the care of TDFPS. All parents, indigent and non-indigent, involved in a suit with TDFPS must comply with the appeal requirements of section 263.405. Thus, section 263.405(b) does not violate the Equal Protection Clause.

Appellant also contends that it would constitute a due process violation not to consider a factual sufficiency point that was not preserved by appointed trial counsel in a termination case. Appellant relies on *In re M.S.,* 115 S.W.3d 534 (Tex.2003). In *In re M.S.,* the appellant asserted a point of error that her trial counsel was ineffective for failing to preserve a factual sufficiency claim by filing a motion for new trial. Appellant does not assert an ineffec-

tive assistance of counsel claim.[2]  For this reason, *In re M.S.* is not applicable to this case.  Under the facts of this case, we conclude that appellant's right to due process has not been violated.

We affirm the trial court's judgment.

2.  We note that appellant states in her reply brief that it would be an untenable position for trial counsel who is also appellate counsel to assert an ineffective assistance of counsel claim.