NO. 07-06-0444-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2007

_____


In the Interest of R.C. and R.C.C., JR., Minor Children

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-527,727; HON. KEVIN C. HART, PRESIDING

_____

***Concurring Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

I concur with the majority's opinion and result but write separately to stress that Texas Family Code §263.405(i) should be revisited by the legislature. It is beyond doubt that the parent/child relationship is of constitutional magnitude. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002); *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976). And, once termination occurs, it is final and irrevocable; the proceeding permanently divests the parent and child of all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. *Wiley v. Spratlan*, 543 S.W.2d at 352. Thus, it is imperative to assure that due

process be afforded both parent and child. That did not occur here since appellant was denied opportunity by her appointed counsel to appear at the hearing. This was so because trial counsel failed to request a bench warrant from the court compelling her appearance at trial. Moreover, there is little doubt counsel knew of her client's interest in attending given that the trial was continued at one point so arrangements could be made to secure appellant's presence. Yet, given the wording of §263.405(i) and appointed counsel's failure to designate her potential ineffectiveness as an issue on appeal, nothing can be done to cure the default.

It may well be that the parent/child relationship necessitates termination due to the conduct of a parent. Yet, parents are entitled to due process, as is the child. At the very heart of due process is the opportunity to be heard in defense of another's accusations. *See Masonic Grand Chapter of Order of Eastern Star v. Sweatt*, 329 S.W.2d 334, 337 (Tex. Civ. App.–Fort Worth 1959, writ ref'd n.r.e.). Moreover, indigents, such as appellant, are to be given appointed, effective counsel to foster their receipt of due process in general and the chance to be heard in particular. *See* TEX. FAM. CODE ANN. §107.013(a)(1) (Vernon Supp. 2006) (requiring the appointment of counsel to the indigent); *In re M.S.*, 115 S.W.3d 534, 544 (Tex.2003) (requiring that counsel be effective). When egregious wrong occurs, however, and we are barred from correcting it due to the application of a statute to situations which, most likely, no one intended, our legal system has failed in that instance. Such happened here. Consequently, I join with the Fort Worth Court of Appeals, the Houston Court of Appeals (1st District), the Dallas Court of Appeals and Justice Vance of the Waco Court of Appeals in asking the legislature to reconsider the scope of §263.405(i). *See In re D.A.R.*, 201 S.W.3d 229, 230-31 (Tex. App.–Fort Worth 2006, no

2

pet.); *Pool v. Tex. Dep't of Family & Protective Servs.*, No. 01-05-01093-CV, 2007 Tex. App. LEXIS 1576 (Tex. App.–Houston [1st Dist.] March 1, 2007, no pet. h.); *In re R.J.S. and M.S.*, No. 05-05-01641-CV, 2007 Tex. App. LEXIS 2770 (Tex. App.–Dallas April 22, 2007, no pet. h.); *In re E.A.R.*, 201 S.W.3d 813, 816 (Tex. App.–Waco 2006, no pet.) (Vance, J., concurring).


Brian Quinn
Chief Justice