NO. 07-07-0126-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 28, 2008

_____

IN THE INTEREST OF M.D., A CHILD

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 71,326-D; HONORABLE DAVID L. GLEASON, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, Natasha and Timothy,[2] appeal the trial court's order terminating their

parental rights to their son, M.D. By her brief, Natasha presents four issues challenging

the termination. By issues one and two, she maintains the evidence is insufficient to

---

[1]Sitting by assignment for the Honorable Don Emerson.

[2]To protect the parents' and child's privacy, we refer to the parents by their first names and the child by his initials. *See* Tex. Fam. Code Ann. § 109.002(d) (Vernon 2002).

support the trial court's findings that she knowingly placed or knowingly allowed her child to remain in conditions which endangered his physical or emotional well being and that she engaged in conduct that endangered her child or placed her child with persons whom she knew endangered her child. By her third issue, she contends that termination was not in the best interest of her child, and by her final issue presents a public policy argument that termination is improper when a parent contacts the Texas Department of Family and Protective Services for help.

By separate brief, Timothy raises four issues to contest the termination. By issues one and two, he challenges § 263.405(b) and (i) of the Texas Family Code as being violative of his federal and state due process rights by requiring a statement of points to be filed within fifteen days after the trial court signs the termination order.[3] By issues three and four, Timothy challenges the sufficiency of the evidence to support the trial court's findings that he knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered his physical or emotional well being and that he engaged

---

[3]Natasha filed a reply brief also contending that § 263.405(b) and (i) violates her federal and state due process rights by requiring a statement of points to be filed within fifteen days after the order is signed. Technically, Rule 38.3 of the Texas Rules of Appellate Procedure does not allow an appellant to raise a new issue in a reply brief that was not raised in the original brief. *See Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 620 (Tex.App.–El Paso 2006, pet. denied); *Howell v. Texas Workers' Compensation Com'n*, 143 S.W.3d 416, 439 (Tex.App.–Austin 2004, 2 pets. denied). However, because Timothy challenged the statute in his original brief, in the interest of justice, we will also review Natasha's challenge.

in conduct or knowingly placed the child with persons who engaged in conduct which endangered his physical and emotional well being. We affirm.

Relying on *In re T.C.*, 200 S.W.3d 788 (Tex.App.–Fort Worth ), and *In re R.J.S.*, 219 S.W.3d 623 (Tex.App.–Dallas 2007, pet. denied), the Department contends that § 263.405(b) and (i) of the Texas Family Code precludes review of Natasha and Timothy's issues for failing to timely file a statement of points. We agree.

A party intending to appeal a final order rendered under subchapter E of chapter 263 of the Texas Family Code must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal. § 263.405(b). The statement of points may be filed separately or it may be combined with a motion for new trial. *Id.* An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. § 236.405(i).

The order being appealed in this case is a final order rendered under subchapter E of chapter 263 of the Texas Family Code; therefore, Natasha and Timothy were required to file a statement of points. The failure to timely file a statement of points does not deprive this Court of jurisdiction over the appeal; however, it is a procedural prerequisite to the appellate court's authority to consider any issue presented. *See* § 263.405(i). *See also In re R.C.*, 243 S.W.3d 674, 675-76 (Tex.App.–Amarillo April 25, 2007, no pet.).

3

## Procedural Background

The Department filed its First Amended Petition seeking, among other relief, termination of Natasha and Timothy's parental rights to their child. Following a hearing on March 19, 2007, the trial court advised the parents of its intention to terminate their parental rights. On March 23, 2007, and March 26, 2007, the trial court appointed counsel on appeal for Natasha and Timothy, respectively. The trial court signed the termination order on April 4, 2007, making the statement of points due no later than April 19, 2007. No motion for new trial was filed by either parent. Natasha did file a statement of points on June 28, 2007, well after the fifteen day deadline.

## § 263.405(b) and (i)

While several of our sister courts have questioned the practical application and constitutional validity of this statute and have recommended that the Legislature reconsider the statute in light of the potentially harsh effect of its application,[4] every intermediate appellate court in this State has agreed that the statute, as written, prohibits appellate courts from considering points not properly preserved by the timely filing of a statement of points. *See In re J.O.A.,* ___S.W.3d___, No. 07-07-0042-CV, 2008 WL 495324 at *4, fn.

---

[4]*In re R.M.R.*, 218 S.W.3d 863, 864 (Tex.App.–Corpus Christi 2007, no pet.); *Pool v. Tex. Dep't. of Family & Protective Services*, 227 S.W.3d 212, 215 (Tex.App.–Houston [1st Dist.] 2007, no pet.); *In re D.A.R.*, 201 S.W.3d 229, 231 (Tex.App.–Fort Worth 2006, no pet.); *In re E.A.R.*, 201 S.W.3d 813, 814 (Tex.App.–Waco 2006, no pet.) (Vance, J., concurring).

8 (Tex.App.–Amarillo Feb. 25, 2008, no pet. h.). Because Natasha and Timothy's issues relating to the sufficiency of the evidence, best interest of the child, and public policy argument were not presented to the trial court in a timely filed statement of points as otherwise required by § 263.405(b) and (i), they were not preserved; therefore, we will proceed to address their due process argument. They contend the procedural requirement that a statement of points be filed within fifteen days after the trial court signed the termination order violated their federal and state due process rights. We disagree.

**Due Process Violation**

If possible, courts must interpret a statute in a manner that renders it constitutional. *FM Properties. Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex. 2000). A party challenging the constitutionality of a statute must establish that the statute always operates unconstitutionally. *Wilson v. Andrews*, 10 S.W.3d 663, 670 (Tex. 1999). In reviewing a facial challenge to a statute's constitutionality, we consider the statute as written, rather than as it operates in practice. *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 626-27 (Tex. 1996).

Natasha's appointed appellate counsel points out that he filed a statement of points within fifteen days after receiving the reporter's record, which was necessary to fully develop a statement of points. He argues that the fifteen day period in which to file the statement of points from the date the trial court's order was signed violated Natasha's due process rights by "barring her from access to the court system." Counsel ignores the fact

5

that he was appointed twenty-seven days prior to the statement of points being due, as well as the fact that he also served as appointed trial counsel. Regardless of when he received the reporter's record, he should have been able to fully develop a timely statement of points. The statute, as written, does not provide for filing a statement of points within fifteen days of receiving the reporter's record. Such an interpretation would defeat the expediency intended by the Legislature in enacting the statute. *See In re R.J.S.*, 219 S.W.3d at 626.

Timothy's appointed appellate counsel[5] maintains that the arbitrary designation of a date certain to file specific issues for appeal is unnecessary when the Legislature has granted the right to appeal. He argues that the statute promotes a system of unreasonably restricting an indigent parent's right to appeal a termination order thereby violating a parent's due process rights. Section 263.405(i) operates equally to indigent as well as non-indigent parents. Therefore, it does not, in and of itself, operate to restrict an indigent parent's right to appeal a termination order.

Additionally, counsel urges that Timothy's notice of appeal "evidences his intent to appeal the decision of the trial court." Once again, as written, § 263.405 does not provide that a notice of appeal (which provides no notice to the trial court) expressing

---

[5]The clerk's record reflects that Timothy's appointed appellate counsel also served as his trial counsel.

dissatisfaction with the trial court's order is sufficient to satisfy the requirement for a timely filed statement of points.

Under the facts of this case, a procedural requirement, i.e., a specific number of days within which to file a document, in and of itself, did not violate Natasha or Timothy's due process rights. Timothy's first and second issues and Natasha's two reply issues alleging due process violations are overruled.

## Conclusion

Having rejected Natasha and Timothy's due process arguments, we conclude that neither Natasha nor Timothy have preserved any of their arguments based on sufficiency of the evidence, best interest of the child, or public policy for appellate review. Natasha's four issues raised in her original brief are overruled, and Timothy's third and fourth issues are overruled.

Consequently, the trial court's order terminating Natasha and Timothy's parental rights to their child, M.D., is affirmed.


Patrick A. Pirtle
Justice


7