Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-10-00096-CV

**IN THE INTEREST OF P.P.M.I.**, A Child,

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-01458
Honorable Associate Judge Charles Montemayor, Judge Presiding[1]

Opinion by:      Marialyn Barnard, Justice

Sitting:          Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Marialyn Barnard, Justice

Delivered and Filed: April 21, 2010

AFFIRMED

Following a bench trial, the trial court entered an order terminating the parental rights of

P.P.M.I.'s mother and father. The mother, Darleen Marie Ibarra, timely perfected an appeal. We

affirm.

Because the termination was instituted by the Texas Department of Family and Protective

Services, section 263.405 of the Texas Family Code governs this appeal. *See* TEX. FAM. CODE ANN.

§§ 263.002, 263.405(a) (Vernon 2008). Section 263.405(b)(2) requires that a party who intends to

---

[1] Upon filing, this case was assigned to the 73rd Judicial District Court, which at the time of filing was presided over by the Honorable Andy Mireles. The 73rd Judicial District Court is now presided over by the Honorable Renée F. McElhaney. However, the order of termination, which forms the subject of this appeal, was signed by Associate Judge Charles Montemayor.

appeal a termination order must file "a statement of the point or points on which the party intends to appeal." *Id.* § 263.405(b)(2). Section 263.405(i) provides the appellate court "may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *Id.* § 263.405(i). Until recently, the failure to file the required statement of appellate points precluded appellate review of any issue, and the appellate court had no choice but to affirm. *See, e.g., In re R.J.S.*, 219 S.W.3d 623, 626-27 (Tex. App.—Dallas 2007, pet. denied); *In re S.E.*, 203 S.W.3d 14, 15 (Tex. App.—San Antonio 2006, no pet.). However, in *J.O.A.*, the supreme court held an ineffective assistance of counsel complaint could be raised on appeal even if it was not included in a statement of appellate points under section 263.405(i). *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009). The court also held that an assertion that the statute is unconstitutional as applied to the party, so as to allow the party to raise sufficiency points, also could be raised even if it was not included in the statement of appellate points. *Id.*

In this case, Ibarra did not file a statement of appellate points as required by section 263.405(b)(2). To determine whether she intended to raise any of the issues permitted by *J.O.A.* in the absence of a statement of appellate points, we ordered her to file a document in this court, advising us of the issues she intended to raise on appeal. In response to our order, Ibarra filed a document entitled "List of Issues That Appellant Raises In This Appeal." In that document, Ibarra states she intends to contest the sufficiency of the evidence to support the trial court's findings that she "failed to comply with the provisions of a court Order that specifically established the actions necessary for the mother to obtain the return of the child," and that "appointment of [Ibarra] as permanent managing conservator of the child is not in the child's best interest because the

appointment would significantly impair the child's physical or emotional development." Ibarra does not assert that she intends to claim the statute requiring a statement of appellate points is unconstitutional as applied to her, nor does she contend she was deprived of effective assistance of counsel. Accordingly, in the absence of a statement of appellate points or the assertion of any of the issues allowed by *J.O.A.*, we must affirm the trial court's judgment of termination.

We affirm the trial court's judgment.


Marialyn Barnard, Justice