

# NUMBER 13-09-00656-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

## IN THE INTEREST OF M.W., L.W, J.W., H.W., I.W., Mi.W., MINOR CHILDREN

_____

## On appeal from County Court at Law No. 5 of Nueces County, Texas

_____

# OPINION

### Before Justices Garza, Vela, and Perkes
### Opinion by Justice Perkes

This is a parental termination case. After a jury trial, appellant mother's parental rights to her six children, M.W., L.W., J.W., H.W., I.W., and Mi.W.[1] were terminated pursuant to Texas Family Code sections 161.001(1)(D) and (E) as to all of the children and Texas Family Code section 161.001(1)(N) as to M.W., L.W. and J.W. *See* TEX.

---

[1] The children were six to seventeen years old at the time of trial. We will refer to the children by an alias or their initials. *See* TEX. R. APP. P. 9.8(b); TEX. FAM. CODE ANN. §109.002(d) (West 2008).

FAM. CODE ANN. §161.001(1)(D), (E), (N) (West 2008).  The trial court also found that termination was in the children's best interest.  *See id.* §161.001(2) (West 2008).  By four issues, appellant challenges the legal and factual sufficiency of the evidence to support the jury's findings that:  (1) appellant knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children; (2) appellant engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children; (3) appellant constructively abandoned M.W., L.W. and J.W. after they were placed in managing conservatorship with the Department of Family and Protective Services (the "Department"); and (4) the termination of the parent-child relationship is in the best interest of the children. Appellant failed to file a statement of points for review on appeal.  We affirm.[2]

## I. BACKGROUND

The Department sought to terminate appellant's parent-child relationship with the children. A complete record has been filed for review on appeal.  During the trial, overwhelming evidence was presented to show appellant subjected her children to a home environment where violence and threats of violence were common.  The record is replete with evidence of incidents of ongoing physical and emotional abuse by the father and by complicity, appellant.  The record further shows that, after the children's removal, appellant was court-ordered to attend individual counseling, anger management classes, psychological evaluation, and parenting classes.  The

---

[2] The trial court also terminated the parent-child relationship between the children and their father.  Although the father filed a notice of appeal, he later voluntarily dismissed that appeal.  *In re M.W., et al.*, No. 13-10-00257-CV, 2010 Tex. App. LEXIS 4006 (Tex. App.—Corpus Christi May 27, 2010, no pet.) (mem op.) (per curiam).

Department reported appellant did not make progress and did not accept responsibility for her actions. Based upon the jury's findings, the court entered a decree of termination that contained the following findings:

6.1 The court finds by clear and convincing evidence that the termination of the parent child relationship between [appellant] and M.W., L.W., J.W., H.W., I.W., Mi.W., is in the children's best interest.

6.2 The court further finds by clear and convincing evidence that [appellant], mother of the children, M.W., L.W., J.W., H.W., I.W., Mi.W. has:

6.2.1 has [sic] knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children as provided by Chapter 161.001(d), Texas Family Code;

6.2.2 has [sic] engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children as provided by Chapter 161.001(e), Texas Family Code.

7.1 The court finds by clear and convincing evidence that the termination of the parent child relationship between [appellant] and the children, M.W., L.W., and J.W., is in the children's best interest.

7.2 Further, the court further [sic] finds by clear and convincing evidence that [appellant], mother of the children, M.W., L.W., and J.W. has:

7.2.1 has [sic] constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and

(i) the department or authorized agency had made reasonable efforts to return the child to the parent;

(ii) the parent has not regularly visited or maintained significant contact with the child; and

(iii) the parent has demonstrated an inability to provide the child with a safe environment as provided by chapter 161.001(n), Texas Family Code.

3

On October 26, 2009, the trial court signed the decree of termination. The deadline for filing a motion for new trial and statement of points was November 10, 2009. TEX. FAM. CODE ANN. § 263.405(b) (West 2008). On November 18, 2009, appellant filed an untimely motion for new trial,[3] wherein she solely requested that the trial court "grant movant a new trial in the interest of fairness and justice . . . ." On November 20, 2009, appellant filed an amended motion for new trial.[4] Appellant's amended motion asserts that "good cause exists for vacating the decree of termination of parental rights in that said order is not in the best interests of the minor child." Appellant did not file a statement of points, and appellant did not request an extension of time to file a statement of points. No order was entered regarding the motion for new trial. This appeal followed.

## II. APPELLATE REVIEW OF TERMINATION ORDERS

Section 263.405 of the Texas Family Code governs appeals from final orders rendered in parental rights termination suits. *See id.* Section 263.405(b) requires the party to request a new trial and/or to file a statement of the point or points on which the party intends to appeal not later than the fifteenth day after the date the final order is signed. *Id.* § 263.405(b)(1)-(2). Section 263.405(i) states that "the appellate court may

---

[3] A statement of points may be combined with a motion for new trial. TEX. FAM. CODE ANN. §263.405(b-1) (West 2008).

[4] On December 16, 2009, appellant's counsel filed an affidavit with the trial court stating she received actual notice of the Decree of Termination on November 19, 2009, when she received the Department's "Objections to Respondent's Motion for New Trial." The record is silent regarding the date appellant received notice of the order, and the record includes a motion for new trial filed prior to that date. Moreover, appellant did not file any motion to extend the post-judgment deadlines. Therefore, we are bound by the regular deadlines for accelerated appeals. TEX. R. CIV. P. 306a; *see In re J.D.O.*, No. 07-10-0370-CV, 2010 Tex. App. LEXIS 9625, at *5 (Tex. App. -- Amarillo Dec. 6, 2010, no pet.) (mem. op).

not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *Id.* § 263.405(i); *see In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010) (per curiam). The statement of appellate points is crucial. *In re B.G.*, 317 S.W.3d 250, 252 (Tex. 2010).

Appellant did not file a statement of points and none of appellant's issues on appeal were included in her late-filed motions for new trial. Although she could have filed a motion to seek a fifteen-day extension of time to file a statement of points, she did not file such a motion. *See In re M.N.,* 262 S.W.3d 799, 803 (Tex. 2008). As such, all of appellant's issues are waived.[5] *In re J.H.G.,* 302 S.W.3d 304, 305 (Tex. 2010); *In re P.P.M.I.,* 318 S.W.3d 905, 905 (Tex. App.—San Antonio 2010, no pet); *see also In re M.F.*, No. 13-10-00248-CV, 2010 Tex. App. LEXIS 9520, at *6-*7 (Tex. App.—Corpus Christi Dec. 2, 2010, no pet.) (mem. op.).

We are cognizant that the Supreme Court of Texas has held that an ineffective assistance of counsel claim can be raised on appeal despite the failure to include it in a statement of points, and that it has held that section 263.405(i) is unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order. *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009). However, appellant has not challenged the effectiveness of

---

[5] This approach is in line with other appellate courts which have considered this issue. *See In re E.E.G.*, No. 12-09-00332-CV, 2010 Tex. App. LEXIS 7185, at *1-*2 (Tex. App. – Tyler Sept. 1, 2010, no pet.); *In re K.W.*, No. 06-09-00059-CV, 2010 Tex. App. LEXIS 25, at *2-*4 (Tex. App.—Texarkana Jan. 5, 2010, no pet.); *In re N.J.N.,* No. 07-09-0216-CV, 2009 Tex. App. LEXIS 8281, at *1-*2 (Tex. App.— Amarillo Oct. 28, 2009, no pet.); *In re D.A.M.,* 10-09-000075-CV, 2009 Tex. App. LEXIS 7896, at *2-*4 (Tex. App.—Waco Oct. 7, 2009, no pet.); *Robinson v. Tex. Dep't of Fam. & Protective Svcs.*, No. 01-08-00479-CV, 2009 Tex. App. LEXIS 4492, at *6-*7 (Tex. App.—Houston [1st Dist.] May 18, 2009, no pet.).

counsel or made any due process claim, and the record conclusively shows that no meritorious complaint can be made regarding the legal and factual sufficiency of the evidence to support the termination order.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
16th day of June, 2011.