COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-10-00255-CV |
| | § | Appeal from the |
| IN THE INTEREST OF J.L.J., | § | |
| A CHILD | | 65th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2008CM7790) |
| | § | |

## **O P I N I O N**

Appellant, father of J.L.J., appeals from an order involuntarily terminating his parental

rights, and the trial court's subsequent ruling that an appeal of the judgment would be frivolous.

He raises two issues for this Court's consideration, challenging the legal and factual sufficiency

of the evidence, and the trial court's ruling allowing J.L.J.'s mother to testify during the final

termination hearing.

J.L.J. was born on November 28, 2008. The Texas Department of Family and Protective

Services (hereinafter "the Department") filed its original petition for protection of a child, for

conservatorship, and for termination in suit affecting the parent-child relationship against

Appellant and J.L.J.'s mother on December 2, 2008.[1] On the same day, the trial court held an

emergency removal hearing and appointed the Department temporary managing conservator of

J.L.J. J.L.J. remained in the Department's custody for the majority of the termination

---

[1] To further protect J.L.J.'s identity, we will refer to his parents as "Appellant" and "Jane" for the purposes of this opinion. *See* TEX.R.APP.P. 9.8.

proceedings. The Department alleged multiple grounds for termination against both parents, including: (1) allowing the child to be in conditions or circumstances which threatened his physical and emotional well-being; (2) engaging in conduct which the parents knew or should have known endangered the child's physical and emotional safety; (3) being convicted or placed on probation for being criminally responsible for the death or serious injury to a child; and (4) constructive abandonment.

Jane executed a affidavit voluntarily relinquishing her parental rights regarding J.L.J. in September 2009. Appellant, was incarcerated from December 1, 2008 through March 12, 2009, and returned to jail in June 2009. He was still incarcerated at the time of the final hearing for termination of his parental rights in the second week of December 2009. During a pretrial hearing, Appellant's attorney objected to Jane being allowed to testify as a party witness, arguing that because she had executing the affidavit she was no longer a party to the case, and was not listed as a non-party witness in the Department's discovery. The trial court overruled the objection, and permitted Jane to testify. The trial court entered a final judgment terminating parental rights as to both Appellant and Jane on December 10, 2009.

Appellant filed a notice of appeal on December 16, 2009. In the text of the notice of appeal, Appellant stated there was legally and factually insufficient evidence to support the judgment, and that his right to due process was violated by the trial court's decision to permit Jane to testify. The trial court held a hearing on December 22, 2009, to determine whether the appeal was frivolous. Following the hearing, the trial court entered a written order in which it held the appeal was frivolous. Appellant has pursued the appeal, and raises two issues for this Court's consideration. In Issue One, he contends the evidence presented during the final hearing

was legally and factually insufficient to support the judgment. In his second issue, Appellant argues that the trial's decision to permit Jane to testify as a party witness was a violation of his right to due process.

Before turning to the issues of the case, we first address the Department's contention that Appellant has waived the issues he has presented by failing to present a statement of the point or points he intended to pursue on appeal. We do not agree, however, that Appellant failed to file a statement of points on appeal, but because one of the points he presented violated the specificity requirements of the statute, the statement is effectively limited to a single issue.

A party who intends to appeal from an order terminating the parent-child relationship is required by the Texas Family Code to file a statement of the point or points the party intends to raise on appeal. TEX.FAM.CODE ANN. § 263.405(b)(West 2008), *amended by* Act of May 19, 2011, 82d Leg., R.S., ch. 75, § 4, 2011 TEX. GEN. LAWS 348, 349-50.[2] The statement of points must be filed with the trial court within fifteen days of the date of the final termination order. TEX.FAM.CODE ANN. § 263.405(b). The appellant may include the statement of points in a motion for new trial. *Id*. Based on the points raised, the trial court must then determine whether or not the appeal is "frivolous," as defined by the Texas Civil Practice and Remedies Code. *See*

---

[2] Since the date of the order of termination in this case, the Legislature has amended Section 263.405. *See* Act of May 19, 2011, 82d Leg., R.S., ch. 75, 2011 TEX.GEN.LAWS 348, 349-50. Effective September 1, 2011, a party seeking appellate review of an order terminating his parental rights is no longer required to file a statement of points he intends to raise on appeal, and the statute no longer provides for a frivolousness review of the appeal by the trial court. *See* Act of May 19, 2011, 82d Leg., R.S., ch. 75, § 4, 2011 TEX.GEN.LAWS 348, 349-50, *amending* TEX.FAM.CODE ANN. § 263.405. While we recognize the amendment, this case pre-dates the Legislature's actions and for purposes of this opinion, we will refer to § 263.405 as it existed prior to the 2011 amendments. *See* Act of May 19, 2011, 82d Leg., R.S., ch. 75, § 8-9, 2011 TEX.GEN.LAWS 348, 349-50.

Tex.Fam.Code Ann. § 263.405(d)(3); Tex.Civ.Prac.&Rem.Code Ann. § 13.003(b)(West 2002). According to the incorporated statute, a case is "frivolous" if it lacks a substantial basis in law or fact. Tex.Civ.Prac.&Rem.Code Ann. § 13.003(b). Accordingly, a trial court's finding that an appeal is frivolous necessarily includes findings that all of the presented issues were unsubstantiated. *See In re S.T.*, 263 S.W.3d 394, 403-04 (Tex.App.--Waco 2008, not pet.). If the trial court concludes the appeal is frivolous, the parent may appeal the ruling. *See Lumpkin v. Dept. of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex.App.--Houston [1st Dist.] 2008, no pet.). The appeal is limited to a review of the frivolousness finding absent a showing that the trial court abused its discretion. *See Lumpkin*, 260 S.W.3d at 526-27.

Before we address Appellant's proposed issues, we must first determine whether he waived both issues by including his statement of points in his notice of appeal rather than including them in a motion for new trial or filing them as independent document. The Department argues that the statute does not permit a statement of points to be included in a notice of appeal, and concludes that Appellant failed to present any issues to the trial court. In essence, this is a question of statutory construction. Matters of statutory construction are questions of law, subject to *de novo* review. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). In construing a statute, the court's primary aim is to give effect to the Legislature's intent. *Continental Cas. Ins. Co. v. Functional Restoration Assoc.*, 19 S.W.3d 393, 398 (Tex. 2000). To do so, we consider the entire provision, focusing on the plain and common meaning of the words used. *Id*. We will presume that every word in the statute has been purposefully included, and that words omitted were purposely excluded. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

In 2008, the Texas Supreme Court conducted a statutory analysis of Section 263.405 which is instructive in this case. *See In re M.N.*, 262 S.W.3d 799 (Tex. 2008). In *In re M.N.*, the parent's statement of points was filed beyond the fifteen day deadline in subparagraph (b), but the trial court granted the parent's motion for extension of time, and ruled that the statement of points was timely. *In re M.N.*, 262 S.W.3d at 800. The question presented to the Court was whether the trial court was authorized to grant such an extension, in light of the fact that Section 263.405 did not specifically provide for the procedure. *See id.* In its statutory analysis, the Court noted that the statute was adopted by the Legislature in light of the rules of civil and appellate procedure, and explained that while the statute was enacted to decrease post-judgment delays in termination cases, there was no evidence to indicate a legislative intent to, "unfairly or unreasonably preclude parents from appealing final orders." *In re M.N.*, 262 S.W.3d at 803. Without addressing the specific record and facts in the underlying case, the Court held that the statute did not pre se preclude the trial court from granting a motion for extension of time to file a statement of points. *Id.* at 803.

Returning to the case before us, the Department's argument that Section 263.405(b), precludes a statement of points from being included in a notice of appeal raises concerns similar to those addressed in *In re M.N.* The purpose of the statement of points is to allow the trial court an opportunity to correct any erroneous findings or other procedural errors prior to appeal. *See Adams v. Tex. Dept. of Family & Protective Servs.*, 236 S.W.3d 271, 278 (Tex.App.--Houston [1st Dist.] 2007, no pet.). There is no indication that permitting a parent to include his statement of points in the notice of appeal would frustrate this purpose. *See* TEX.R.APP.P. 25.1(a)(to perfect an appeal the appellant must file a written notice of appeal with the trial court).

Furthermore, the statute designates that the appeal from a final order of termination is "accelerated," making the notice of appeal due to be filed no later than twenty days after the date of the final order. *See* TEX.R.APP.P. 26.1(b); TEX.FAM.CODE ANN. § 263.405(a). Considering the two deadlines in tandem, a notice of accelerated appeal containing a timely filed statement of points would be filed five days before the deadline for the notice of appeal alone. *See* TEX.R.APP.P. 26.1(b); TEX.FAM.CODE ANN. § 263.405(b). Accordingly, by precluding a parent from including his statement of points in an early-filed notice of appeal, that statute would frustrate both the goal of limiting post-judgment delays, and create further concern that the statutory procedures may unfairly or unreasonably preclude a parent from pursuing an appeal. *See In re M.N.*, 262 S.W.3d at 803. In sum, while the statute does not specify that a statement of points may be included in a notice of appeal, it does not specifically prohibit the procedure. *See* TEX.FAM.CODE ANN. § 263.405(b); *In re M.N.*, 262 S.W.3d at 803. Because imposing such a prohibition would frustrate the Legislature's intent in enacting the provision, we decline to do so. Appellant's statement of points as included in his notice of appeal satisfied the statutory requirement.

We turn now to what issues were, in fact, preserved by Appellant's statement of points. An issue is preserved for appeal so long as it is specific enough to notify the trial court that the appellant believes there was a problem, so that the court may have an opportunity to evaluate the alleged errors, alleviate them to the extent possible, or rule that the appeal is frivolous. *See* TEX.FAM.CODE ANN. § 263.405(I); *In re R.J.S.*, 219 S.W.3d 623, 626 (Tex.App.--Dallas 2007, pet. denied). A point which presents a global challenge to the legal and factual sufficiency of the evidence supporting the judgment, presents no issue to the trial court, and preserves nothing for

appellate review.  *See* TEX.FAM.CODE ANN. § 263.405(I).

The trial court entered its final order terminating Appellant's parental rights on December 10, 2009.  On December 16, Appellant filed his notice of appeal, and included the following language:

> Respondent desires to appeal his termination on the grounds of insufficient legal and factual evidence and due process grounds in allowing a witness to testify in violation of the discovery [rules] in this case.

Appellant's first point, "insufficient legal and factual evidence," violates the final sentence of subsection (i) which prohibits an appellate court from considering a claim that the termination was contrary to the evidence, and specifies that a claim that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.  *See* TEX.FAM.CODE ANN. § 263.405(I).  The Department raised four separate grounds for termination of Appellant's parental rights.  The trial court made fact findings affirming the Department's allegations under all of the alleged grounds.  By presenting his sufficiency point without more specificity, Appellant's first point violated Section 263.405(i), failed to present a sufficiency issue to the trial court, and therefore failed to preserve the issue for appellate review.  *See* TEX.FAM.CODE ANN. § 263.405(I); *In re J.J.C.*, 302 S.W.3d 436, 444 (Tex.App.--Houston [14th Dist.] 2009, pet. denied).  As such, Issue One is overruled as it is not preserved for review, and our analysis of the trial court's frivolousness ruling will be limited to Appellant's alternative argument.

In his second issue, Appellant argues the trial court erred by allowing J.L.J.'s mother to testify as a party during the final hearing.  Although this point is presented in his appellate brief as an argument on the merits of the trial court's ruling regarding Jane's status as a party at the

time of her testimony, we address the issue as a challenge to the trial court's ruling that the issue was frivolous. *See In re M.N.*, 262 S.W.3d at 801. As we noted above, in this context our review is limited to determining whether the trial court abused its discretion by ruling that an appeal on this issue would be frivolous. *See Lumpkin*, 260 S.W.3d at 526-27.

Turning to the issue of Jane's status as a party at the time of the hearing, there is no dispute that she was a party to the case prior to the date she executed her relinquishment affidavit. She was named as a party in the Department's original and amended petitions, and the petitions included allegations for involuntary termination of her parental rights. Prior to the final hearing, she executed an affidavit indicating her willingness to voluntarily relinquishing her parental rights to J.L.J., as permitted by Texas Family Code 161.001(1)(K). However, the trial court took no action regarding Jane's parental rights prior to the final hearing, during which the court considered both parents' rights related to J.L.J. When the Department called Jane to testify at the final hearing, Appellant objected on the basis that she was no longer a party, was not being called for rebuttal or impeachment purposes, and was not included on the Department's witness list. The trial court overruled the objection and permitted Jane to testify.

Appellant contends that after she executed the affidavit, Jane was no longer a party to the case and should not have been permitted to testify as her name was not included on the Department's witness list. In essence, he argues that Jane was a "surprise witness," and in his brief to this Court, Appellant concludes that by permitting her to testify, the trial court violated his right to due process under the state and federal constitutions. Appellant's constitutional arguments are predicated entirely on his summary conclusion that Jane was not a party to the case when the final hearing took place. He fails to cite to any legal authority holding that execution of

a voluntary relinquishment affidavit, without further action by the trial court, had any effect on Jane's status as a party to the case. As we will discuss, Jane's affidavit had no effect on her status as a party, and the trial court did not abuse its discretion by ruling that this issue was unsubstantiated and therefore frivolous.

Appellant argues that by signing the affidavit, the issue of Jane's parental rights was no longer before the trial court, she was no longer a party to the case, and therefore the Department was required to list her as a witness in accordance with the rules of civil procedure. *See* TEX.R.CIV.P. 192.3(d). Appellant's argument is contrary to Texas law. When a parent executes an affidavit voluntarily relinquishing their parental rights, the affidavit merely provides a basis for the trial court to enter a judgment of termination, it has no immediate effect on the parent-child relationship. *See* TEX.FAM.CODE ANN. § 161.001(1)(K)(West Supp. 2010); *Vallejo v. Tex. Dept. of Family & Protective Servs.*, 280 S.W.3d 917, 919 (Tex.App.--Austin 2009, no pet.). Only the court, having considered the grounds for termination and the best interests of the child, has the authority to terminate parental rights by entry of a final judgment. *See Vallejo*, 280 S.W.3d at 919. Despite the affidavit, there was no final judgment terminating Jane's rights prior to the final hearing. Therefore, she was still a party to the case and could testify as such without implicating Appellant's right to notice and due process. Accordingly, the trial court did not abuse its discretion by ruling that this issue was unsubstantiated in law, and the appeal frivolous. Issue Two is overruled.

We affirm the trial court's judgment.


October 7, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.