LEE ANN DAUPHINOT, Justice,
dissenting and concurring on appellant’s motion for rehearing and motion for en banc reconsideration[1].
Although I agree with the majority that the evidence is factually sufficient to support termination and that the trial court’s judgment should be affirmed, I dissent from the majority’s reaffirming of In re D.W.[2] to reach the merits of Appellant’s first issue. I would hold, as we held in our original unanimous panel opinion, that Appellant forfeited his first issue.
This is not a case in which no statement of points was filed, nor is it a case in which the statement of points was filed late. Rather, this case is one in which the timely-filed statement of points violates the express provisions of former section 263.405®,[3] a section which litigants, counsel, and the judiciary would probably all agree abysmally failed to meet its purpose of shortening the time that children in these cases are left in limbo.[4]
In 2008, this court held in D.W. that former section 263.405© is “void as a violation of the separation of powers provision of the Texas constitution.”[5] We specifically held that the statute is facially void because it violates the Separation of Powers Clause of the constitution to the extent that it forecloses our power to review issues properly preserved for appeal because the statute unduly interferes with our substantive power as an appellate court to rehear and determine issues on the merits that were decided in the court below.[6]
But the Supreme Court of Texas has done nothing to signal its support of our holding. In its opinion denying the petition for review of D.W., the Supreme Court of Texas stated, “[W]e neither approve nor disapprove the holding of the court of appeals regarding the constitutionality of Texas Family Code section 263.405©.”[7]
And the Supreme Court of Texas has signaled its rejection of D.W. Almost a year after denying the petition for review in D.W., the Supreme Court of Texas upheld an as-applied challenge to the statute in In re J.O.A., but it also provided the following advice for trial courts and counsel to increase compliance with the statute that our court had previously held void ab initio:
Part of the problem here may be resolved by better communication between trial court and counsel. Often in these cases, there is a transition from trial to appellate counsel after rendition. Be *615 cause of the accelerated appellate timetable and the critical fifteen-day deadline for the statement of points, and because trial and appellate counsel are often different people, there can be misunderstandings as to which attorney is responsible for filing a motion for new trial, a statement of points on appeal, and a notice of appeal.
Given the accelerated timetable, the burden should logically fall on trial counsel.... As one court of appeals has noted, the fifteen-day deadline is a trap for the unwary. That court of appeals has further suggested that trial courts should alert parents to the requirements of section 263.405 at the end of the final order terminating parental rights. We agree and suggest further that the best way to avoid ineffective assistance of counsel claims in the future is for the trial courts to take a proactive approach, assuring that indigent parents do not inadvertently waive their appellate rights under the Family Code. Because of the accelerated nature of these cases, trial courts must act expeditiously when appointing new counsel for the appeal.[8]
No justice dissented from the opinion, which did not mention D.W.
Justice Willett filed a concurring opinion in which he “stress[ed] steps that trial courts can take” to ensure that attorneys preserve their clients’ appellate rights by filing timely statements of points and that attorneys do not, in any case, “intentionally eva[de] appellate requirements.”[9] The concurrence also did not mention D.W.
Almost nine months later, the Supreme Court of Texas handed down its opinion in In re J.H.G.,[10] a case in which the mother, like the father in the case at bar, also filed a timely statement of points but did not raise her issue concerning the trial court’s extension of the statutory deadline in the statement of points. The Supreme Court of Texas held,
The mother timely filed a statement of points with the trial court contesting the legal and factual sufficiency of the evidence, but she did not challenge the trial court’s extension of the statutory deadline. The Family Code requires that any party seeking an appeal of a final order must file with the trial court a statement of points of error on which it intends to appeal. The statement of points must be filed within fifteen days of entry of the final order. The court of appeals may not address an issue that is not included in a timely filed statement of points. Although the mother did not include the trial court’s failure to dismiss in her points for appeal, the court of appeals held that the issue was not waived because it bore on the trial court’s subject matter jurisdiction. This holding is directly contrary to our decision in In re Department of Family and Protective Services, in which we held that the section 263.401(a) dismissal date is procedural, not jurisdictional. As such, the mother’s failure to challenge the trial court’s extension of the statutory deadline in her statement of points waived the issue on appeal.[11]
The unanimous per curiam opinion did not mention D.W. But by applying former section 263.405® to bar a parent from presenting an issue on appeal, the Supreme Court of Texas nevertheless rejected completely, sub silentio, our en banc holding in D.W. that the statute is void ab *616 initio. I believe that we are bound to accept this rejection, however subtle.[12]
And all seven members of this court have done so. Since soon after the Supreme Court of Texas handed down J.H.G., six of the seven members of this court have authored or joined unanimous panel opinions explicitly following J.H.G. and implicitly recognizing the Supreme Court of Texas’s rejection of D.W.[13] Filially, even the seventh member of the court has authored a unanimous panel opinion citing J.H.G. and former section 263.405® for the proposition that a party’s failure to include an issue in its statement of points results in forfeiture—
[Fjamily code section 263.405® prohibits an appellate court from considering “any issue that was not specifically presented to the trial court in a timely filed statement of points ... or in a statement (of points) combined with a motion for new trial.” [Tex. Fam.Code. Ann.] § 263.405®; see In re J.H.G., 302 S.W.3d 304, 306 (Tex.2010) (“The court of appeals may not address an issue that is not included in a timely filed statement of points.”)[14]
—without citing D.W. and without stating that this court had previously held the quoted statute facially void.
I believe that our court should therefore now explicitly recognize that the Supreme Court of Texas has rejected D.W. and that we are bound to do the same. I would follow the statute and J.H.G. and hold that Appellant forfeited his first issue on appeal by not specifically presenting it to the trial court in his statement of points.[15] Because the majority instead reaches the merits of the issue by reaffirming our holding in D.W. that section 263.405® is void — despite all contrary signals from the Supreme Court of Texas — I respectfully dissent from the majority’s treatment of Appellant’s first issue.
MEIER, J., joins.

. See Tex.R.App. P. 49.7.

. 249 S.W.3d 625, 645 (Tex.App.-Fort Worth) (en banc), pet. denied, 260 S.W.3d 462 (Tex. 2008) (per curiam).

. Act effective Sept. 1, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, 332 (adding subsection (i), requiring statement of points, to section 263.405 of the family code), repealed by Act effective Sept. 1, 2011, 82nd Leg., R.S., ch. 75, §§ 5, 8, 2011 Tex. Gen. Laws 348, 349 (deleting subsection (i) but noting that former section 263.405, including subsection (i), is still in effect for final orders rendered before September 1, 2011).

. See In re E.A.R., 201 S.W.3d 813, 814-15 & n. 2 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring) (quoting House Comm, on Juvenile Justice and Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg., R.S. (2005)).

. 249 S.W.3d at 645.

. Id. at 640.

. 260 S.W.3d at 462.

. In re J.O.A., 283 S.W.3d 336, 343-44 (Tex. 2009) (citations omitted).

. Id. at 347-48 (Willett, J., concurring).

. 302 S.W.3d 304 (Tex.2010).

. Id. at 306 (citations omitted).

. See Lubbock Cnty., Tex. v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex.2002) (stating that once the Supreme Court of Texas announces a proposition of law, the decision becomes binding precedent, and "it is not the function of a court of appeals to abrogate or modify established precedent”).

. In re A.S.D., No. 02-10-00255-CV, 2011 WL 5607608, at *1 (Tex.App.-Fort Worth Nov. 17, 2011, no pet.) (mem. op.) (citing J.H.G. for proposition that court is prohibited from addressing issue parent did not raise in statement of points); In re G.A.H., No. 02 — 11— 00015-CV, 2011 WL 4711980, at *7 (Tex. App.-Fort Worth Oct. 6, 2011, no pet.) (mem. op.) (same); In re G.G.C., No. 02-10-00354-CV, 2011 WL 1600840, at *3 (Tex.App.-Fort Worth Apr. 28, 2011, pet. denied) (mem. op.) (same); In re H.S.B., No. 02-10-00324-CV, 2011 WL 1434948, at *1 (Tex.App.-Fort Worth Apr. 14, 2011, no pet.) (mem. op.) (same); In re O.E.W.-K., No. 02-10-00199-CV, 2011 WL 1225470, at *24 n. 35 (Tex.App.Fort Worth Mar. 31, 2011, no pet.) (mem. op.) (same); In re KB., No. 02-09-00441-CV, 2010 WL 4028107, at *15 (Tex.App.-Fort Worth Oct. 14, 2010, no pet.) (mem. op.) (same); but see In re J.T.V.H., 02-10-00416-CV, 2011 WL 4916388, at *20 & n. 17 (Tex. App.-Fort Worth Oct. 13, 2011, no pet.) (assuming without deciding that issue was preserved despite parent’s failure to file statement of points when parent also contended on appeal that statute was void).

. In re M.E.-M.N., 342 S.W.3d 254, 260 (Tex. App.-Fort Worth 2011, pet. denied).

. See In re J.L.J., 352 S.W.3d 536, 540-41 (Tex.App.-El Paso 2011, no pet.); In re J.J.C., 302 S.W.3d 436, 444 (Tex. App.-Houston [14th Dist.] 2009, pet. denied).